BOUTALL, Judge.
This is a suit for separation from bed and board on the grounds of abandonment brought by Mrs. Doretha Vonacile West-brook, wife of Norman Lee Duhon, against her husband. Mr. Duhon reconvened for a separation based upon the grounds of cruel treatment. The trial court rendered judgment dismissing Mrs. Duhon's demands and dismissing the reconventional demand on the ground that the faults of both were nearly balanced and are of a similar nature, hence neither was entitled to the relief sought. From this judgment, Mrs. Du-hon has taken an appeal. Although Mr. Du-hon answered the appeal, he now informs us that he merely seeks affirmance of the judgment of the lower court. Therefore the only issue before us is the trial judge’s dismissal of Mrs. Duhon’s petition for separation.
• In his written reasons for judgment, the court found the following :
“(1) The litigants were married in 1965 and have separated and then reconciled approximately 20 times prior to the separation sued upon, which occurred on November 1, 1972, when the husband left their home.
“(2) The disagreements between the spouses were caused in large measure by their financial difficulties which resulted from their practice of living above the means of the husband.
“(3) The wife used her charge accounts to excess and accumulated debts beyond the ability of the husband to pay. The wife also concealed some of her debts and charges from her husband.
* * * * * *
“(6) The conditions complained of are no more chargeable to one of the parties than to the other. Since the faults of both are nearly balanced and are of a similar nature, neither can be heard to complain.
*908 ******
“(8) The wife is not entitled to a separation on the grounds of abandonment. The wife has been lacking in candor and has failed to prove that her husband left without lawful cause. See Maynor vs Maynor, La.App., 234 So.2d 426.”
We agree with the findings of the trial judge. The record indicates that the marriage between the parties was never a ¿¡table one, and that they separated numerous times. The apparent cause of most of these separations seems to be the financial difficulties which the parties encountered. Mr. Duhon worked offshore for weeks at a time, and as a result the wife was in charge of the financial affairs of the marriage. Despite the constant quarrels, and reprimands by Mr. Duhon of his wife for charging to excess, Mrs. Duhon continued her practice and concealed numerous debts from her husband by having the bills sent to her sister’s and mother’s homes. Finally when the debts accumulated to such an excessive amount that the husband could no longer pay them on a monthly basis nor control his wife’s excessive habits, he was forced to file for a discharge in bankruptcy. This precipitated his departure from his wife on November 1, 1972.
The factual findings by the trial court should be accepted by the appellate court unless shown to be clearly erroneous. Especially is this true when the credibility of the witnesses forms a major factor in determination of these facts. In this case there is some conflict in the testimony of Mrs. Duhon and Mr. Duhon, and the trial judge has found that Mrs. Duhon has been “lacking in candor”. There is ample evidence in the record to substantiate the trial court’s finding, and based upon those findings we conclude that his judgment was correct. See Maynor v. Maynor, 234 So.2d 426 (La.App. 1st Cir. 1970), Geraci v. Geraci, 226 So.2d 543 (La.App. 4th Cir. 1969).
For the above reasons, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.