310 So.2d 179 (1975)
Ursula Patorno, wife of Anthony J. SCHILLACI
v.
Anthony J. SCHILLACI.
No. 6666.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Rehearing Denied April 15, 1975.
Writ Refused June 13, 1975.
*180 Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for Ursula Patorno Schillaci, plaintiff-appellant.
Charles G. Merritt, New Orleans, for Anthony J. Schillaci, defendant/plaintiff in reconvention and appellee.
Before GULOTTA, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
Mrs. Ursula Schillaci filed suit for separation from bed and board on the grounds of cruel treatment and abandonment. Mr. Anthony Schillaci reconvened, seeking a separation on the grounds of cruel treatment. The trial judge, after considering the evidence presented by both parties, rendered judgment dismissing both claims, giving as his reasons the mutual fault of both parties. Mrs. Ursula Schillaci has appealed the dismissal of her suit and Mr. Anthony Schillaci has answered the appeal, thus bringing the entire action before us.
The two parties have provided most of the testimony during the trial and have admitted many acts of cruelty. Several other witnesses were called by both parties and corroborated many of the cruel acts. The following is a list of many of the more definite acts of cruelty perpetrated by both. Mr. Anthony Schillaci: 1) He left the matrimonial domicile. 2) Three or four years before their physical separation he told his wife he no longer loved her. 3) He often "boarded" himself in his room to avoid contact with his wife. 4) He admits seeking sexual contacts outside the home. 5) He struck or pushed his wife on several occasions. 6) Occasionally he used vile language in the numerous arguments with his wife. 7) He admits propositioning his sister-in-law.
Mrs. Ursula Schillaci: 1) She constantly accused her husband of adultery with little or no proof. 2) She was very jealous and badgered her husband often, even to the point of threatening to turn him over to the police for alleged criminal violations. 3) She used very vile language in their numerous arguments. 4) She sent over 30 letters and made several phone calls to strangers whom she thought her husband was "running around with". 5) She stayed up very late most every night and apparently bothered her husband who was trying to get to sleep early for work.
The two lists above are merely representative of the cruel acts that this couple, married 23 years, have done to each other. The trial judge made the following meaningful statements in his Reasons for Judgment. "It is obvious that both paties acted in a fashion calculated to render marriage into oblivion. * * * * * Therefore, the Court concludes that this marriage disintegrated to the point where both parties were enjoying the hostilities demonstrated towards each other. I cannot find that one party was guilty of an overpowering compilation of indignities heaped upon the partner which would outweigh the other party's cruelties."
It appears equally obvious to us that the trial judge is correct. Both parties have been at fault and it is impossible to tell which is more at fault. The doctrine *181 of mutual fault or comparative rectitude has long been a fixture in this state's jurisprudence. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Duhon v. Duhon, 291 So.2d 906 (La.App. 4th Cir. 1974; Geraci v. Geraci, 226 So.2d 543 (La.App. 4th Cir. 1969). This doctrine was established so that a person could not obtain judicial relief when he had violated his marital obligations. The doctrine rests on the "unclean hands" theory. We hold that both Mr. and Mrs. Schillaci have equally violated their marital obligations and for that reason we must deny them any relief.
For the foregoing reasons the judgment of the lower court is affirmed. The parties are equally cast for the costs of this appeal.
Affirmed.