315 So.2d 866 (1975)
Dovie Basco GRAPPE, Plaintiff-Appellant-Appellee,
v.
Douglas GRAPPE, Defendant-Appellee-Appellant.
No. 5057.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
*867 G. F. Thomas, Jr., Natchitoches, and Edwin Dunahoe, for plaintiff-appellant.
Donald G. Kelly, Natchitoches, for defendant-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff Dovie Basco Grappe appeals the judgment dismissing her suit for absolute divorce (grounded on adultery LSA-C.C. art. 139), and alternatively a separation from bed and board (grounded on cruel treatmentLSA-C.C. art. 138[3]). Defendant Douglas Grappe also appealed the dismissal of his reconventional demand for absolute divorce (grounded on adultery), and alternatively a separation from bed and board (grounded on abandonmentLSA-C.C. art. 138[5]). We affirm.
The parties have been married twenty-three years. Of the six children born to the union, three are minors.
The trial court properly rejected both parties allegations of adultery. To prove adultery the evidence must be so convincing that it excludes all reasonable hypothesis other than that of guilt. Dubois v. Falgout, 268 So.2d 70 (La.App. 3 Cir. 1972); Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 865 (1958). The evidence failed to satisfy this stringent burden of proof.
The trial court denied each party's claim for judicial separation finding no evidence to indicate which party caused the marriage to deteriorate. The court properly refused to narrate the accusations, counter-accusations and recriminations finding this would serve no useful purpose. Suffice it to say, the parties began to seek company of others for comfort and affection. There is evidence that both drink alcoholic beverages and both use mutually abusive and insulting language. The proof offered by each is directly contradicted by the other and in the most part, uncorroborated by competent and reliable evidence.
The court concluded both parties were at fault and each spouse was guilty of conduct contributing equally to the deterioration of their marriage.
The doctrine of mutual fault or comparative rectitude has long been the rule in Louisiana. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Duhon v. Duhon, 291 So.2d 906 (La.App. 4 Cir. 1974); Schillaci v. Schillaci, 310 So.2d 179 (La.App. 4 Cir. 1975); Wood v. Wood, 227 So.2d 656 (La.App. 3 Cir. 1969). This doctrine prevents a party from obtaining judicial relief when he or she has violated the marital obligation. The doctrine rests on the "unclean hands" theory. Schillaci v. Schillaci, supra.
There is no manifest error in the trial court's conclusion that each party's claim for judicial separation was barred because of mutual fault.
The trial court judgment is affirmed at the cost of both parties.
Affirmed.