341 So.2d 628 (1977)
Ralph A. CLARY, Sr.
v.
Mrs. Barbara Boesch, wife of Ralph A. CLARY, Sr.
No. 7782.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
Kirschenheuter, Landry & Shaw, Ernest T. Landry, New Orleans, for defendant-appellee.
Many, Lo Coco & Dwyer, Vincent T. Lo Coco, New Orleans, for plaintiff-appellant.
Before BOUTALL, SCHOTT and BEER, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his suit for a separation from bed and board on the ground of abandonment.
In order to be entitled to a judgment plaintiff had to prove that, 1) his wife withdrew from the common dwelling; 2) she was without a lawful cause for withdrawing; and 3) she has constantly refused to return to live with plaintiff. LSA-C.C. Art. 143.
Plaintiff's testimony that he did not want his wife to leave and has extended an open invitation to her to return was flatly contradicted by defendant who testified that the separation was mutually agreed upon and her husband never asked her to return. Plaintiff's witnesses supplied corroboration only to the extent that defendant had left the matrimonial domicile and at one time or another plaintiff told them that she had left against plaintiff's will and he wanted her to return.
In the final analysis the quality of the testimony of these witnesses depended upon the credibility of plaintiff, since they were simply repeating his self serving statements. It is significant that plaintiff said his original intention was to get a non-fault divorce based upon the couple living separate and apart voluntarily for two years, but as time went on he decided to attempt to prove defendant at fault so as to avoid liability for alimony. This tends to discredit plaintiff's sincerity when he told these *629 witnesses that the separation was not voluntary and that he wanted defendant to return.
The trial judge was in the best position to evaluate the credibility of both parties and we cannot say that he erred in accepting the testimony of defendant as opposed to plaintiff.
The judgment appealed from is affirmed.
AFFIRMED.
BEER, J., concurs with written reasons.
BEER, Judge, concurring.
I concur, being of the view that the majority is correct in its application of the existing law to the facts as they were apparently determined by the trial court.
However, I have misgivings about the laws' strained effort to somehow equate "fault," with all of its possible obligations, to "abandonment," with all of its possible interpretations.
In Chamblee v. Chamblee, La.App., 340 So.2d 378, decided November 16, 1976, we said:
"Very often in these complex times, the decision to leave the matrimonial domicile is the result of a bilateral understanding on the part of the spouses."
This observation was followed by a footnote, which observed:
"Although `leaving' may be the harbinger of abandonment, there are many instances where such is not the case. Often the `leaving' party has `left' the matrimonial domicile completely free of any `fault' and has taken himself (or herself) away from the matrimonial domicile to prevent added financial drain, the uprooting of children, the uprooting of elderly parents, the overall social implications, etc., etc."
The plain fact is that contemporary life styles have markedly changed, but judicial determination of fault continues to depend upon often irrelevant facts such as who physically moves from the so-called matrimonial domicile or who tries hardest to "save" the failing marriage. The spectrum of possible exposure to some future alimony obligation is the genesis of this preoccupation with fault. While I take no issue with the adjudication of fault in cases where the record clearly supports such a legal and factual conclusion, I believe that the records in many so-called abandonment cases are simply not able to convincingly or even fairly support the fault determination that the trial court is, nevertheless, obliged to reach.
I take this method of attempting to point out what I believe to be a need for legislative reappraisal. Alimony is notor should not bethe "spoil" of matrimonial warfare noreven lessthe knee jerk response to the superficial inquiry of who moved out of the house.