345 So.2d 1257 (1977)
Cecile Bridges DENBO
v.
Robert Thomas DENBO.
No. 11308.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*1258 Gerard E. Kiefer, Baton Rouge, of counsel for the plaintiff appellant.
Emile M. Weber, Baton Rouge, of counsel for the defendant appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
This is a suit for a separation from bed and board brought by Mrs. Cecile Bridges Denbo against her husband, Robert Thomas Denbo. Mrs. Denbo also seeks alimony for her support. Mr. Denbo reconvened, asking that he be awarded a separation from his wife. After trial on the merits, judgment was rendered awarding a separation to plaintiff, and containing the following language:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment is based upon a newly enacted legislative act relative to mutual fault (Civil Code Article 141) and the Court does find herein mutual fault barring the plaintiff herein from permanent alimony following a divorce judgment."
Mrs. Denbo has appealed from the findings of mutual fault made by the trial judge. Defendant has neither appealed nor answered the appeal by plaintiff.
Mr. and Mrs. Denbo were married in 1943, and are the parents of three children, all of whom are of the age of majority. In the mid '60's, Mr. Denbo moved out of their bedroom into another room in the house, and the parties since that time have not cohabited. They seldom communicated or enjoyed any social activity together thereafter. Mr. Denbo testified that he moved out of their bedroom because his wife refused his sexual advances, and that he had stopped approaching her about seven years before they separated in April, 1976.
Mrs. Denbo testified that her husband told her that he was moving out of the bedroom because of her snoring, and that he had never requested or demanded sexual intercourse since that time.
In 1971, Mrs. Denbo was packing up to leave her husband, and Mr. Denbo entreated her not to do so. Mrs. Denbo relented and remained in the family home. Their relationship did not change, however, and neither of them made any demands on the other. Mr. Denbo testified that he asked Mrs. Denbo to remain with him because of their youngest child, who was then in her early teens.
On April 12, 1976, without any forewarning, Mr. Denbo advised his wife that he was moving out, and did so.
This suit was filed by Mrs. Denbo, alleging the abandonment by her husband as the sole ground for the separation. Mr. Denbo reconvened for a separation, alleging that Mrs. Denbo denied him sexual relations for the last ten years of their marriage, and that she treated him like a boarder in his own home. In her answer to the reconventional demand, Mrs. Denbo alleged that Mr. Denbo had treated her as a "mere house-keeper".
As pointed out above, the trial court found both parties to be mutually at fault, but pursuant to the provisions of Article 141 of the Civil Code (Act 495 of 1976), granted a judgment of separation.
In this court, plaintiff alleges that the trial court erred in finding mutual fault, precluding plaintiff from getting permanent alimony.
Prior to the adoption of Act 495 of 1976 as Article 141 of the Civil Code, parties to a separation or divorce suit, who were mutually and equally guilty of fault sufficient to constitute grounds for a separation or divorce, were denied that relief under the doctrine of comparative rectitude. Grappe v. Grappe, 315 So.2d 866 (La.App. 3rd Cir. 1975).
This suit was filed by the plaintiff on May 6, 1976. Act 495 of 1976 became law on October 1, 1976. Since the act is not remedial in nature, conferring, as it does, a substantive right on those falling within its purview, it can have no application to this case. Article 8, Civil Code. Therefore, if there was mutual fault, the judgment of separation was improvidently granted. *1259 However, since Mr. Denbo neither appealed nor answered the plaintiff's appeal, the judgment granting the separation has become final as to him, and we are without authority to alter that aspect thereof, even though it is based on an erroneous legal premise.
Since Mr. Denbo admittedly abandoned the matrimonial domicile, he must prove, by a preponderance of the evidence, that the abandonment was legally justified. He must show that Mrs. Denbo was guilty of conduct which would form grounds for a separation from bed and board.
Cruel treatment by one spouse is ground for a separation only if it is of such a nature as to render living together insupportable for the other. Article 138, Civil Code. Thus, prolonged denial of sexual intercourse constitutes cruel treatment, provided the nature of the offended spouse is such that the denial thereof does render the marriage relation insupportable, and provided there is no consent thereto. See Phillpott v. Phillpott, 285 So.2d 570 (La. App. 4th Cir. 1973).
However, we do not believe it can be said that a course of conduct which has been consented to by both spouses over a long period of time during which they resided together, is such as to render their living together insupportable. We do not find mutual fault in such a situation, but rather an absence thereof, because of mutual consent. See Burnett v. Burnett, 324 So.2d 622 (La.App. 2nd Cir. 1975).
We do not believe that Mr. Denbo has carried his burden of proof in this case. His own conduct, in remaining with his wife despite her alleged refusal of sexual relations, does not reflect that their living together under those circumstances was insupportable. He begged Mrs. Denbo to remain with him, unconditionally, when she was packing to leave in 1971, when he had allegedly been denied his connubial rights for seven years. Mrs. Denbo testified that he made no demands on her once he moved out of their bedroom.
We therefore hold that the trial judge erred in finding Mrs. Denbo guilty of fault sufficient to deprive her of the right to permanent alimony. We are of the opinion that Mr. Denbo abandoned his wife without legal cause, and that Mrs. Denbo would have been entitled to a separation from bed and board for that reason, and therefore was legally free from fault.
The judgment appealed from is therefore amended so as to remove therefrom the finding of mutual fault barring plaintiff from permanent alimony, and, as amended, it is affirmed, at defendant's cost.
AMENDED AND AFFIRMED.