386 So.2d 910 (1980)
Kathryn Lynn Roberts VON BECHMAN
v.
Franklin B. VON BECHMAN.
No. 66327.
Supreme Court of Louisiana.
May 19, 1980.
*911 Donna W. Lee, Luse & Lee, Baton Rouge, for plaintiff-respondent.
John C. Miller, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendant-applicant.
BLANCHE, Justice.[*]
Plaintiff and defendant were married on November 19, 1977 in Birmingham, Alabama and, subsequently, moved to Baton Rouge, Louisiana. Less than one year later, Mrs. Von Bechman left the marital domicile. On October 17, 1978, she filed suit for separation from bed and board alleging cruel treatment by her husband of such a nature as to render further living together insupportable. The defendant reconvened seeking a separation based upon abandonment.
In her petition, Mrs. Von Bechman alleged cruel treatment in that her husband failed to engage in any conjugal relations with her. The evidence at trial, however, was that they had engaged in sexual intercourse about once each month, and that there was additional "sexual contact" on a more frequent basis. Although Mr. Von Bechman never refused to have sex with his wife and stated that when asked, he would try to accommodate her, both parties admitted that their sexual relations usually resulted from the advances of Mrs. Von Bechman. Her testimony shows that she believed her marriage was empty and that she felt deprived of her husband's love and affection. Based upon these facts, the trial judge granted a separation from bed and board in favor of the wife. The First Circuit Court of Appeal affirmed this ruling.
As noted by the court of appeal, cruelty, in any form which renders living together insupportable, is a proper legal ground for separation from bed and board. It has been held that a persistent refusal to engage in sexual union, in the absence of consent or sickness or grave fault may constitute cruel treatment within the meaning of C.C. art. 138(3). Phillpott v. Phillpott, 285 So.2d 570 (La.App. 4th Cir. 1973); Denbo v. Denbo, 345 So.2d 1257 (La.App. 1st Cir. 1977).
We are willing to continue the rule enunciated by these decisions, but decline to decide whether the frequency or infrequency of sexual activity between the parties to the marriage could constitute cruel treatment. Without knowledge of the many considerations between the parties upon which such a sensitive and delicate act may be dependent, we would regard any judgment we may have on this subject as arbitrary. In order to satisfy the requirements of this rule, Mrs. Von Bechman argues in brief that persistent failure to initiate sexual, or any physical, contact on the part of her husband amounted to a persistent failure and refusal to engage in the conjugal relationship. This argument lacks logic and is disproved by the fact that Mr. Von Bechman did respond to his wife's advances. The court of appeal noted that the wife *912 herein may have expected something more from marriage than the mere acquiescence of a marital partner and thus, was unhappy and disappointed in the marriage, but we do not regard these unfulfilled expectations as grounds for a separation. Before the conduct complained of here can constitute cruel treatment within the meaning of C.C. art. 138(3), there must be a persistent and unjustified refusal to engage in sexual intercourse. We find the trial court erred in granting Mrs. Von Bechman a separation on these grounds.
Mr. Von Bechman, in reconvention, brought suit against Mrs. Von Bechman for separation based upon abandonment. Before a separation grounded upon abandonment may be granted, it must be proven that one of the parties withdrew from the marital domicile without lawful cause to do so, and that the withdrawing party has constantly refused to return. C.C. art. 143; Clary v. Clary, 341 So.2d 628 (La.App. 4th Cir. 1977); Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir. 1976). For this reason, in order to obtain a separation grounded upon abandonment, a party cannot merely show that the spouse left the common dwelling and then rely upon the spouse's failure to prove a case grounded upon fault. Bergeron v. Bergeron, 372 So.2d 731 (La.App. 4th Cir. 1979).
In the instant suit, the husband has failed to prove an essential element of abandonment, i. e. Mrs. Von Bechman's constant refusal to return. The uncontradicted testimony of Mrs. Von Bechman was that although her husband was not pleased with her initial departure for financial reasons, he nevertheless told her that he was much happier once she had left. Further, both Mr. and Mrs. Von Bechman testified that he changed the locks on the family home approximately one month after Mrs. Von Bechman left. Mr. Von Bechman never requested that his wife return and testified that if she had offered to do so, he would only have been willing to sit down and discuss it with her.
Civil Code art. 145 provides that abandonment is to be proved as any other fact in a civil suit. Thus, from the actions and declarations of the parties, proof may be inferred that one spouse has constantly refused to return to the matrimonial domicile. However, no such inference is created here. The import of the testimony of both parties is that their remaining apart was by mutual consent and was based upon their recognition of the substantial problems with their relationship. For this reason, we are unable to conclude that Mrs. Von Bechman's action constituted a constant refusal to return. Having failed to prove an essential element of abandonment, the husband's reconventional demand was properly dismissed by the trial court.
For the reasons assigned, the judgment of the trial court dismissing Mr. Von Bechman's suit is affirmed. The judgment in Mrs. Von Bechman's suit is reversed and it is ordered that her suit will be dismissed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
DIXON, C. J., concurs in part and dissents in part for reasons assigned by WATSON, J.
WATSON, J., concurs in part and dissents in part, assigning reasons.
WATSON, Justice, concurring in part and dissenting in part:
The majority correctly holds that the trial court erred in granting the wife a separation on the contention of cruel treatment. However, in my view the majority is wrong in dismissing the husband's suit for separation on the ground of abandonment. Unlike some of the other legal reasons for which a party may claim a separation in Louisiana, abandonment is relatively easy to prove or disprove; either the party left the matrimonial domicile without legal cause or did not.
There is no requirement, as the majority implies, that the abandoned party request that the other return to the matrimonial domicile. Once the abandonment occurs, the injured party may and often does take the position that the party who left is not welcome back.
*913 The fact alluded to by the majority that Mr. Von Bechman stated, following his wife's departure, that he was happier than before does not nullify the fact that she left. The reason (or lawful cause for leaving) advanced was his failure to initiate sexual activity. But the majority holds that Mr. Von Bechman was not required to be eager but only willing.
Therefore, under the facts of the present case Mr. Von Bechman is entitled to a separation.
I respectfully concur in part and dissent in part.
NOTES
[*] Honorable Frederick S. Ellis participated in this decision as Associate Justice Ad Hoc.