COVINGTON, Judge.
The husband, Joel B. Dickinson, sought a judgment of separation from his wife, Jea-neile M. Dickinson, based on specifically alleged acts of cruel treatment. Mrs. Dickinson reconvened for a judgment of separation based on abandonment and acts of mental cruelty. From a judgment in favor of the plaintiff granting a separation be *652 tween the parties and dismissing the defendant’s reconventional demand, Mrs. Dickinson appeals. We affirm.
At the trial the parties and two of their neighbors testified. It was stipulated that two other neighbors would testify along the same lines. The record supports the trial court’s finding that the wife was at fault in the separation. The evidence reveals that the wife, for a period of several years, and without the husband’s consent, unjustifiably refused to have sexual relations with her husband.
It is settled that cruel treatment by one spouse of the other, in any form which renders living together insupportable, is a proper legal ground for separation from bed and board. LSA-C.C. art. 138; Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4 Cir.1976). Thus, a persistent refusal to engage in sexual union, in the absence of consent or sickness or grave fault may constitute cruel treatment. Phillpott v. Phillpott, 285 So.2d 570 (La.App. 4 Cir.1973), writ refused, 288 So.2d 643 (La.1974); see also Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980); Denbo v. Denbo, 345 So.2d 1257 (La.App. 1 Cir.1977).
Based on the totality of the circumstances, the trial court found Mrs. Dickinson was guilty of cruel treatment. In such situations as this, the findings of the trier of fact should be left undisturbed in the absence of manifest error. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1 Cir.1976); Gurtner v. Gurtner, 258 So.2d 148 (La.App. 4 Cir.1972). We cannot state that manifest error is present here.
Accordingly, for the above reasons, we affirm the judgment decreeing a separation from bed and board in favor of plaintiff, Joel B. Dickinson, and against defendant, Jeanelle M. Dickinson, and dismissing defendant’s reconventional demand; we cast the costs of this appeal on the defendant-appellant.
AFFIRMED.