LOBRANO, Judge.
Barbara Langlois Jensen, appellee herein, answered the separation suit of her husband, Robert Jensen by reconveening on the grounds of abandonment, and, at the same time seeking alimony pendente lite. At the hearing, appellee sought $290.00 per month in alimony pendente lite. That amount represents one-half of the monthly payments on a second mortgage executed by both parties, prior to separation. After hearing all of the evidence, and reviewing all pleadings, the trial court awarded Mrs. Jensen alimony pendente lite in the amount of $290.00 per month. Mr. Jensen, appellant, perfected this appeal.
Appellant argues that the trial court was in error in ordering payment of $290.00 per month because appellee’s income exceeds his, and that he was not allowed deductions from his gross income for expenses incurred while on the road, particularly lodging, food and showers. The testimony reveals that appellant is a truck driver who works on a commission basis. He is paid through a brokerage, and works whenever there is a trip to make. In July, 1982 he made $1,077.78 in commissions, and in August, $802.94. Appellant testified that he is living in a trailer with his ex-wife, and that they share expenses. Mrs. Jensen, appellee herein, testified she is a school teacher with a take home pay of $948.00 per month. She lives with her mother in a home that was owned by her prior to her marriage. Besides her normal living expenses she has a $580.00 per month second mortgage payment to make. During the marriage Mr. & Mrs. Jensen borrowed $32,000.00 secured by a second mortgage on her home. The proceeds of the loan were used to pay off appellant’s debts incurred prior to his marriage, and the remainder was used as working capital for the purchase of a truck.
Louisiana Civil Code Article 148 sets forth the obligation of alimony pendente lite. It provides:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
The amount of alimony pendente lite which a spouse is required to pay is largely within the discretion of the trial judge and his conclusions as to this amount will not be disturbed on appeal absent a clear abuse of that discretion. Cooley v. Cooley, 411 So.2d *251 750 (La.App. 3rd Cir.) writ granted 413 So.2d 505 (1982), (dismissed); Frederick v. Frederick, 379 So.2d 808 (La.App. 4th Cir. 1980); Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir.1979).
We find no merit to appellant’s argument that the trial court erred in disallowing certain deductions from his gross commissions. His testimony is vague and contradictory on this issue. At one point, appellant testified he had to pay for showers and lodging because he could not afford to stop at stations which provided these free because the fuel prices were too high. However, at another point he testified he rarely stayed at motels, and that his employer paid for fuel. There is no clear abuse of the trial court’s discretion, and therefore we affirm his ruling.