436 So.2d 1340 (1983)
Doris SCHIRRMANN
v.
Hans SCHIRRMANN.
No. 83-CA-334.
Court of Appeal of Louisiana, Fifth Circuit.
August 8, 1983.
Rehearing Denied September 16, 1983.
Writs Denied November 4, 1983.
*1342 Garland R. Rolling, Metairie, for defendant-appellant.
Elsie Halford, Metairie, for plaintiff-appellee.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
Hans Schirrmann appeals from a judgment granting his wife a separation based on grounds of cruel treatment and from the dismissal of his suit in reconvention filed on grounds of constructive abandonment.
The Schirrmanns were married in February of 1963 and established their matrimonial domicile in Jefferson Parish, Louisiana.
On June 8, 1981, Doris Schirrmann-plaintiff instituted legal proceedings against her husband, Hans Schirrmann-defendant for a separation based on cruel treatment. The defendant answered and denied his wife's allegations of cruel treatment and reconvened seeking a separation alleging constructive abandonment. The reconventional demand alleged that Mrs. Schirrmann had advised Mr. Schirrmann that she had changed the locks on their home and had placed his personal belongings outside in his car which in effect denied him access to their matrimonial domicile.
After trial on the merits, the trial court found no abandonment on part of the plaintiff-wife and thus dismissed the reconventional demand of the defendant-husband and granted the plaintiff's separation based on cruel treatment.
The issues presented by this appeal are:
1. Whether Mr. Schirrmann is guilty of any cruel treatment which would support the judgment of separation.
2. Whether the trial court erred in dismissing defendant-husband's reconventional demand for separation based upon abandonment.
The trial court ruled in oral reasons made part of this record on appeal that "... the marriage ended because of the strict discipline of the husband which to a certain extent amounted to cruel treatment on the part of the wife and the children." The record is void of any testimony (evidence) suggesting that the defendant ever abused or neglected his children, and as a matter of fact Mr. Schirrmann's uncontradicted testimony indicates that his two daughters are "all that matters to him in life."
This court adopts the view that absent evidence of mental or physical abuse, the philosophy and authority of child-rearing falls under the ambit of parental prerogatives. The concept of discipline in the family home cannot be judicially substituted. Although Mr. Schirrmann may have strict, traditional values which may not have been satisfactory to the trial court, we conclude that the trial court erred in substituting its notions of what constitutes proper child-rearing for those of the father.
The plaintiff argues that the lack of sexual intercourse was an instance of mental cruelty. She testified that in the year prior to locking her husband out of the house, there were only two occasions of intercourse. This court recognizes that cruelty, in any form which renders living together insupportable, is a proper legal ground for separation. The courts in this state are consistent in that repeated refusal to engage in sexual contact, in the absence of consent or sickness or grave fault may constitute cruel treatment within the meaning of Civil Code Art. 138(3). Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980).
While two engagements of sexual union during a year may be less than total fulfillment, the courts are reluctant to establish a quota, less than which would constitute grounds for separation. In Von Bechman, supra, the Louisiana Supreme Court announced that they declined to decide "... whether the frequency or infrequency of sexual activity between the parties to the *1343 marriage could constitute cruel treatment. Without knowledge of the many considerations between the parties upon which such a sensitive and delicate act may be dependent, we would regard any judgment we may have on this subject as arbitrary."
Before the conduct complained of above can constitute cruel treatment within the preview of Civil Code Art. 138(3), there must be a persistent and unjustified refusal to engage in conjugal relations. We find that there is insufficient evidence to establish a basis for separation upon this ground. Furthermore, it is not disputed that the marriage was strained and suffered because of incompatability, fussing and bickering.
Mr. Schirrmann, in reconvention, brought suit against Mrs. Schirrmann for separation based upon abandonment. The defendant alleges that his wife had the locks to the family home changed, placed his personal belongings outside the home in his car, and telephoned him at work to advise him of these facts. As a result of this action, she in effect constructively abandoned him.
Before a separation grounded upon abandonment may be granted, it must be proven that one of the parties withdrew from the marital domicile without lawful cause to do so, and that the withdrawing party has constantly refused to return. Civil Code Art. 143; Von Bechman v. Von Bechman, supra.
An adjunct to abandonment is "constructive abandonment," whereby a spouse prevents or bars the other spouse from entering the matrimonial domicile without lawful cause. Quinn v. Quinn, 412 So.2d 649 (La.App. 2nd 1982).
To support a finding by this court of constructive abandonment, there must be no "lawful cause" for the constructive abandonment. The record indicates tremendous amount of friction, dissatisfaction, and tension between the spouses, particularly concerning their daughters. However, we conclude that although this family conflict existed, the intensity was not sufficient to warrant Mrs. Schirrmann's barring Mr. Schirrmann from his home.
The third element of abandonment is the refusal to return. In this regard, the record indicates that Mrs. Schirrmann filed suit on the same day that she locked her husband out of the family house. Although Mrs. Schirrmann testified at trial that she would like to reconcile, we hold that this expression of reconciliation at trial is inconsistent with her actions.
"... a self-serving statement at the time of trial by the abandoning husband that he would come back to the domicile if the wife would let him was not sufficient evidence of intent to return where no overt efforts were made by him prior to trial indicating a desire to reconcile." Robertson v. Robertson, 332 So.2d 896 (La.App. 2nd Cir.1976).
Correspondingly, the institution of suit subsequent to an abandonment which is brought by the abandoning spouse suffered as a constant refusal to return.
"Appellant contends even if he left the matrimonial domicile without lawful cause, appellee has failed to prove he has constantly refused to return. We disagree. While no direct testimony was taken on this issue, we feel a reasonable inference can be made from the record. Mr. Dugas moved out of the house on August 2, 1981, and filed suit for separation on August 7. The fact he sought a legal separation, in itself, indicates that he was not planning to return to the matrimonial domicile. In other words, this was not a case where the abandoning party simply got fed up and impulsively moved out of the house with the idea he would return if the parties later reached an agreement over their differences. Obviously, Mr. Dugas had carefully considered the matter and intended to terminate the marriage." Dugas v. Dugas, 424 So.2d 1189 (La.App. 1st Cir.1982).
We hold, as in this case of abandonment, the husband should not be expected to seek reconciliation in the face of adverse conditions which manifest no desire for reconciliation on the part of the wife.
For the reasons assigned, the judgment of the trial court finding the plaintiff-Doris *1344 Schirrmann, free from fault and granting her a separation and dismissing the defendant's reconventional demand is reversed. This court instead, finds that separation should be based on mutual fault. In order for a mutual fault separation under LSA-C.C. Art. 141 to be properly granted, each party must be guilty of conduct sufficient to constitute an independent ground for separation under LSA-C.C. Art. 138. Blackwell v. Blackwell, 413 So.2d 1331 (La.App. 1st Cir.1982).
We find that the record adequately supports that neither the plaintiff nor the defendant are free of fault. The entire atmosphere of this marriage has deteriorated and both parties are at fault; fault sufficient enough to award the other spouse a separation under LSA-C.C. Art. 138.
Accordingly, we reverse that part of the trial court's judgment which granted a judgment of separation from bed and board to plaintiff and find that the parties are entitled to a separation from bed and board based on mutual fault.
All costs of this appeal are to be paid by both plaintiff and defendant.
REVERSED AND RENDERED.