DUFRESNE, Judge.
This is a suit for permanent alimony brought by a divorced wife against her former husband. After trial, the court found that no alimony was owing, and this appeal followed.
Samuel and Amie Miaño were married in 1972. They were judicially separated in 1973, but reconciled. Several years later Amie sought and was granted a second judicial separation on May 8, 1978. On December 5, 1979, Samuel was granted a final divorce by default on the grounds of living separate and apart for over one year since the judgment of separation. Amie sought a new trial on the divorce for reasons not at issue here. Her motion for a new trial was denied, but it was stipulated that her right to permanent alimony was still in dispute, and could be raised at a later date.
In April, 1983, Amie filed a petition for permanent alimony. She alleged that in the judgment of separation of May 8, 1978, she was found free of fault. In his answer, Samuel denied this allegation. At trial, no other evidence of freedom from fault was presented by Amie. Further, the May 8, 1978, judgment of separation is in fact silent as to fault. Similarly, no determination of fault has ever been made as to Samuel.
In his judgment denying alimony, the trial court stated: Whereas the judgment of Division A of this court with respect to the parties’ divorce was granted in favor of plaintiff, Samuel J. Miaño and there being no showing of fault on Samuel J. Miaño, the petition for alimony which comes some four years after the divorce must be denied.
Amie now appeals alleging that the judgment should be amended to be without prejudice, thus allowing her to file another petition and gain an opportunity to put on evidence as to her absence of fault. In the alternative, she ask that the case be remanded to the trial court for presentation of such evidence. She finally alleges that the judgment is a misstatement of law in that her burden was to prove absence of her fault rather than fault on her former husband’s part.
We agree that the judgment is a misstatement of the law. We further find that because the judgment is silent as to the lack of fault on the part of the wife, and the record contains insufficient evidence for us to make that determination here, the case must be remanded to the trial court for taking of further evidence on that issue.
This case is governed by La.Civ. Code art. 160 which requires that a spouse seeking alimony must, as a threshhold requirement, show that he or she is free from fault in the divorce. The judgment in this case was based on the trial court’s determination that there was a failure of proof as to the husband’s fault, rather than proof of lack of fault on the part of this wife seeking alimony. This is not a proper allocation of the burden of proof under Article 160. In divorce cases it is possible that 1) both parties are at fault, 2) only one is at fault, or 3) neither are at fault. Therefore, it is not required in the third situation that the spouse to pay alimony be at fault, but only that the spouse seeking alimony be free from fault. Similarly, in the first situation, proof of fault as to one spouse is not *22 necessarily dispositive of the lack of fault of the other.
There are cases, however, where proof of fault on the part of the spouse to pay alimony, may shift the burden of proof to that spouse to show fault on the part of the spouse seeking alimony. Where, for example, abandonment is proved on a showing of abandonment of the common dwelling and refusal to return, it is then incumbent upon the abandoning spouse to present evidence which establishes fault as to the other spouse which caused him or her to leave the common dwelling. Failure to present such proof will exonerate the spouse alleging abandonment from fault. Rouprich v. Rouprich, 397 So.2d 1257 (La.1981) (Dixon, C.J. concurring). It is apparent that the trial court was applying this type of analysis to this suit, rather than considering it in the context of a divorce in which neither spouse may have been at fault. We therefore vacate the judgment since it incorrectly states the law.
As noted above, the wife put on no proof of her freedom from fault here. There is therefore nothing before us which would permit this court to make a determination of this factual issue, Code Civ.Pro. art. 2164. We must, therefore, remand this matter to the trial court for the taking of evidence on the lack of fault of Amie Mi-ano. See Rouprich v. Rouprich, 397 So.2d 1257 (La.1981) (facts reported at 393 So.2d 369 (La.App. 1st Cir.1980)).
VACATED AND REMANDED.