KLIEBERT, Judge.
The husband, Wilbert E. Hawkins, plaintiff-appellant, brings this appeal from a judgment granting to his wife, Betty Dunbar Hawkins, a divorce and permanent alimony. We affirm.
The only issues raised on appeal are: (1) Does the execution and filing of an affidavit of irreconcilable differences, as required to support a separation from bed and board based on six months living separate and apart, under LSA-C.C. art. 138(10) preclude a subsequent inquiry into fault on a subsequently filed permanent alimony rule, and (2) Does the record support the trial court’s conclusion the wife was entitled to permanent alimony?
As to the first issue, the execution of the affidavit established the fact there are irreconcilable differences which renders a continued living together unsupportable and impossible. It does not, however, establish what the differences are and who caused them. LSA-C.C.P. art. 3946 C. Hence, particularly where, as here, there is, as evidenced by the letter of September 13, 1984, an oral stipulation of counsel to leave the fault question open for inquiry at the time a rule for permanent alimony is considered, the execution of the affidavit does not bar a subsequent inquiry into the question of fault.
At the hearing, both parties testified the husband abandoned the matrimonial domicile. The husband testified he left because the wife was receiving telephone calls from various men and had refused to have sex *544 with him for over a year. The wife denied such calls and testified they had been having sex at least twice a month up to the week of the separation.
The wife is entitled to permanent alimony unless it is shown she was at fault and here, in view of his abandonment, the husband carries the burden of proving her to be at fault. LSA-C.C. art. 160; Rouprich v. Rouprich, 397 So.2d 1257 (La.1981); Miano v. Miano, 468 So.2d 20 (5th Cir.1985).
In Pearce v. Pearce, 348 So.2d 75 (La.1977), the supreme court, at page 77, defined fault as:
“We have held that under this statute respecting an award of alimony to a wife without ‘fault,’ the word ‘fault’ contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities.”
and, at page 78, set the standard of review in domestic relations cases as:
“In the area of domestic relations much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses.”
Pure and simple, the trial judge here made a credibility call. He believed the wife and not the husband.
The testimony of the spouses was the only evidence presented and the trial court concluded that the wife’s conduct in occasionally refusing the husband’s sexual advances not so unreasonable as to constitute fault. After reviewing the conflicting testimony of the husband and wife, we cannot say the trial court abused his discretion or committed manifest error in making the credibility call.
Therefore, we affirm the trial court’s ruling. All costs are to be borne by the appellant.
AFFIRMED.