503 So.2d 116 (1987)
Francis D. HARRISON
v.
Catherine H. HARRISON.
Nos. 86-CA-564, 86-CA-565.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Writ Denied April 3, 1987.
*117 Floyd J. Reed, New Orleans, for defendant/appellant.
Janelle A. Naccari, Metairie, for plaintiff/appellee.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a judgment of separation between Catherine H. Harrison (the wife), appellant and Francis D. Harrison (the husband), appellee based upon mutual fault and awarding the wife $750.00 as alimony pendente lite. From that judgment the wife has appealed. We affirm in part and reverse in part.
On May 23, 1985 a petition for separation was filed by the husband alleging cruel treatment. Thereafter, on June 19, 1985 the wife filed a rule for alimony pendente lite. By judgment dated August 26, 1985 she was awarded $2,000.00 per month in alimony.
On July 15,1985 the wife filed an answer and a reconventional demand alleging physical and mental cruelty as well as abandonment.
On June 6, 1986 the trial judge rendered a judgment after an April 10, 1986 hearing decreeing that a reconciliation took place between the parties between the 24th and 28th day of August, 1985 and vacating all previous orders. No appeal has been taken from the decree of reconciliation.
On November 4, 1985, the husband filed again for separation alleging cruel treatment. The wife also filed a second petition for separation following the reconciliation on April 23, 1986 in which she alleges inter alia public humiliation and mental cruelty.
On May 12, 1986 among the matters heard were the separation and rule for alimony pendente lite. On May 21, 1986 the trial judge rendered his judgment finding mutual fault and awarding the wife $750.00 alimony pendente lite.
Appellant now specifies the following errors:
1. That the trial court was clearly wrong and committed manifest error when it awarded alimony pendente lite of only $750.00 per month to the wife in view of the husband's consistent refusal to obey and comply with the writs of subpoena duces tecum, and
2. That the trial court erred when it found the husband at fault in leaving the purported matrimonial domicile and at the same time found the wife at fault in the cause of the separation of the parties.
At the close of the May 12, 1986 hearing, the wife's counsel requested the trial judge to impose the sanction provided for in L.S. A.-C.C.P. Art. 1354. The article provides that:
[w]hen a person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written statement under oath as to what facts he believes the *118 books, papers, documents, or tangible things will prove, and a copy of such statement must be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.
Appellant contends that since she attached an affidavit to her subpoena duces tecum stating "that the records, that is, books, papers, documents or tangible things so subpoenaed will prove that the respondent in subpoena, Francis Daniel Harrison, has an income ranging from $75,000.00 to $85,000.00 per annum out of which to pay alimony pendente lite" that these facts should be considered to be confessed by her husband in view of the fact that he did not produce these at the hearing.
The trial judge stated at the close of the hearing that he wished to review the procedural aspects of Article 1354 and took the matter under advisement. In his judgment rendered on May 21, 1986, however, he made no mention of the sanction.
Since evidence was offered at the hearing[1] regarding the return and the husband's explanation as to why he could not produce the records, the trial judge's silence is to be taken as a rejection of the wife's demand for a sanction pursuant to L.S.A.-C.C.P. Art. 1354. See, Reed v. Verwoerdt, 490 So.2d 421 (La.App. 5th Cir. 1986) and the cases cited therein.
At the May 12, 1986 hearing the wife's counsel referred to a subpoena duces tecum which requested that the husband produce his 1984 and 1985 tax returns. In reply to this request, the husband testified that he had filed for an extension on his 1985 tax return and it was not yet prepared. With regard to the 1984 tax return he testified that it had been in a box with his receipts and that it had been moved while he was living away from the domicile. He was also under the impression that counsel for the wife had the 1984 return.
Counsel for the wife also asked for the 1984 and 1985 income tax returns of Harrison Turbine Services, Inc., the only corporation in which the husband had an interest. The husband testified that he did not produce these forms because his accountant had them and that when he tried to contact his accountant, his accountant was out of town. He also stated that he was under the impression that his wife had given her counsel all of the records from the corporation by the date of the first hearing on July 12, 1985. Counsel for the wife did not indicate to the trial judge at the time that he was questioning the husband on the return that he was dissatisfied with the return. He noted the husband's failure to comply, however, when he questioned the wife and again at closing.
In Kinnebrew v. Louisiana Ice Co., 216 La. 472, 43 So.2d 798 (1949) the Louisiana Supreme Court dealt with the issue of whether a failure to produce records constituted a confession of the facts stated in the plaintiffs' motion for the subpoena. In Kinnebrew, however, the plaintiffs claimed that the records produced were insufficient and subsequently filed a rule to show cause why the facts should not be considered as confessed. The matter was set and evidence taken on the rule. Afterwards, the trial judge rendered his decision and found that the defendant had produced all records which existed or which it had in its possession.
In the instant case, the trial judge evidently accepted the husband's explanation that he had in fact produced all of the records which existed or were in his possession. Kinnebrew, supra. We find no manifest error since there is evidence before the trial judge which "upon [his] reasonable *119 evaluation credibility, furnishes a reasonable factual basis for [his] finding." Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
Since the trial judge did not consider as confessed the allegation that the husband was earning $75,000.00 to $85,000.00 for 1986, then he must have examined the evidence to consider of whether the husband had a substantial change in his earning capacity as contended. He must also have considered the wife's needs.
Although the wife testified that she required $4,940.08 per month, she also admitted that she did not know what her monthly expenses were at present and that her list of expenses constituted a list of what her expenses "will be" once she "gets on her feet."
Furthermore, she admitted that her husband pays the housenote of $914.00; however, she included the housenote as one of her expenses.
Alimony pendente lite relates to the facts as these existed during the time the parties lived together and as they actually exist as the litigation commences and not to future possibilities. Hollowell v. Hollowell, 437 So.2d 908 (La.App. 2nd Cir.1983).
L.S.A.-C.C. Article 148 provides that:
[i]f the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
Appellant contends that the trial judge abused his discretion in only awarding her $750.00 per month rather than $2,000.00, the amount that was previously awarded by Judge LeBrun. She also asserts as error the trial judge's refusal to order the husband to pay the house note in addition to $2,000.00. The amount of alimony pendente lite awarded by the trial judge, however, should not be disturbed absent a showing of clear abuse of his discretion. Jensen v. Jensen, 430 So.2d 249 (La.App. 4th Cir.1983).
Louisiana jurisprudence has established:
that the purpose of alimony under L.S. A.-C.C. art. 148 is to temporarily, pending litigation, provide for the spouse who does not have sufficient income for his or her maintenance and to preserve the status quo insofar as maintenance and support are concerned [Citation omitted]. In making an award of alimony pendente lite the trial court considers the need of the spouse seeking alimony and the means of the paying spouse. The need for alimony must be proven, the award should be in proportion to the need and means and fair and just to each party [Citation omitted]. Lamb v. Lamb, 427 So.2d 899, 900 (La.App. 3rd Cir.1983).
The husband's sworn income and expense list shows a present monthly total of expenses in the amount of $4,008.62 and total resources of $2,085.00.
The wife's monthly expenses as indicated on her list show $2,323.80 as monthly requirements. This figure includes the $914.00 housenote which she admits is paid by her husband. To this total, she has added further personal expenses for herself of $895.00 as well as $896.00 for expenses of her 17 year old minor child. The wife is evidently adding expenses which are apparently attributable to a child who is not the child of her present marriage, as testified to in court. Appellee, her present husband, is not responsible for the support of this child. See, Hollowell, supra.
The wife was also awarded the use of the family home and the 1983 Oldsmobile in the judgment.
We find no abuse in the trial judge's evidently concluding that the husband's business was on the decline as testified to by him and as not refuted by any evidence. Jensen, supra.
The second specification of error urged by appellant is the trial judge's rendition of separation based on "mutual fault". The Supreme Court has held that a judgment of separation "based on mutual fault" is error *120 because "mutual fault" is not one of the grounds for separation. Adams v. Adams, 389 So.2d 381 (La.1980). We have followed the dictate of the Louisiana Supreme Court in Collins v. Collins, 485 So.2d 956 (La. App. 5th Cir.1986), writ denied 488 So.2d 203 (La.1986) as have our brothers in the fourth circuit. See, Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir.1978). Thus, although L.S.A.-C.C. Art. 141 authorizes the rendition of a judgment of separation notwithstanding the fact there is mutual fault, the separation judgment however must be based on one of the grounds enumerated in L.S.A.-C.C. Art. 138.
In order for mutual fault to be granted, each party must be guilty of conduct which constitutes an independent ground for separation. Collins v. Collins, 485 So.2d 956 (La.App. 5th Cir.1986), writ denied 488 So.2d 203 (La.1986). Schirrmann v. Schirrmann, 436 So.2d 1340 (La. App. 5th Cir.1983), writ denied 440 So.2d 761, 764 (1983).
The only testimony of the husband relative to post-reconciliation fault is in regard to his wife's alleged request to ask him to leave on August 28, 1985. The wife, however, still insists that there was no reconciliation, although she has not appealed from the judgment finding reconciliation.
Although the husband testified that the only reason he left the domicile was because his wife had asked him to, he nonetheless did not give the court any indication that he wanted to continue the marriage at that time. The record is devoid of any evidence that he was told by his wife on that occasion that she did not love him or that he in fact wanted to return. His testimony reflects that she simply stated that she thought it best that he leave and that he apparently acquiesed.
The trial judge evidently concluded that the husband was guilty of abandonment and that the wife was guilty of cruelty. These grounds of separation, however, are mutually exclusive. Therefore, he could only have rendered a separation judgment based on cruelty, finding that both parties were cruel to each other.
It was manifest error to render a separation judgment based on mutual fault. Our analysis of facts made from the record indicate that the wife was not guilty of cruel treatment and hence not at fault.
We find that the trial court abused his discretion in finding that the wife was at fault. Accordingly, for the reasons stated, we reverse the finding of mutual fault insofar as the wife is concerned. We also affirm the award of alimony pendente lite in the amount of $750.00 to the wife.
REVERSED IN PART AND RENDERED; AFFIRMED IN PART.
NOTES
[1] Judge Joseph F. Grefer presided over the hearing regarding reconciliation on April 10, 1986 as well as the latest alimony rule and separation on May 12, 1986. All prior proceedings were heard by Judge Wallace C. LeBrun on July 12, 1985 and December 20, 1985. Although the previous hearings by Judge LeBrun are included in the record, we are mindful that we can only consider the evidence and testimony which was before Judge Grefer in the May 12, 1986 hearing which forms the basis for the judgment he rendered on May 21, 1986. See Duckworth v. Winn-Dixie, 490 So.2d 408 (La.App. 5th Cir. 1986), writ denied 495 So.2d 303 (La.1986).