KLIEBERT, Judge.
Mr. Robert Claytor, the former husband, appealed from a permanent alimony judgment of $500.00 per month rendered on his former wife’s rule, filed subsequent to the rendition of a divorce based on living separate and apart for more than one year. Two issues are raised on the appeal: (1) Did the wife prove she was free from fault and in necessitous circumstances, and (2) Was the award of $500.00 per month excessive. For the reasons assigned we affirm the judgment of the trial court.
Robert Claytor and Jeannine Lienard were married on September 11, 1973 in Virginia Beach, Virginia. No children were born of the marriage. In September of 1985 the parties maintained a residence in Duluth, Minnesota where the husband, a United States Coast Guard Warrant Officer, was stationed. On September 1, 1985 the wife left Duluth and went to her mother’s home in Florida. According to the wife, she went to care for her ailing mother. Further, according to her, when she called her husband ten days later to say she was on her way back home her husband told her “don’t come back.” This was followed by several communications offering to come back and being told she was not wanted. She contends she did not know why she wasn’t wanted.
*611 In October of 1985 the husband was transferred to Louisiana. He drove to this new assignment with a “housekeeper” named Gloria. The husband listed Gloria’s expenses on a military wife’s expense voucher. They resided in a two bedroom apartment in Jefferson Parish. Gloria was not paid for her housekeeping services, other than room and board. In December 1985 the wife attempted to join her husband in Louisiana. According to the wife, when she presented herself at the apartment her husband refused her entry and told her “go back, my girlfriend is here.”
Although urged as though the trial judge committed legal error, in fact, the issues turn on the proof of fact. It is true, as contended by counsel for the husband that a spouse seeking permanent alimony under La.Civil Code Article 160 must show that he or she is free from fault in the divorce. Helm v. Walker, 477 So.2d 842 (5th Cir.1985). However, there are instances where the claiming spouse makes a pri-ma facie case by showing that the other party was at fault in the break-up of the marriage; thereafter the burden shifts to that party to show the claiming party was also at fault. See Lagars v. Lagars, 491 So.2d 5 (La.1986). There the non-adultress claimant spouse was held to be entitled to permanent alimony unless the other spouse could show she was also at fault in the break-up of the marriage. In Hawkins v. Hawkins, 485 So.2d 543 (5th Cir.1986) this court held that where the claimant spouse proved abandonment by the non-claimant spouse, the burden of going forward with the evidence shifted to the non-claimant spouse to present evidence which established fault as to the claimant spouse. See also Rouprich v. Rouprich, 397 So.2d 1257 (La.1981).
Here the wife testified that the husband refused to allow her to return to the martrimonial domicile in Minnesota, and refused to allow her to enter his apartment in Louisiana, telling her in each instance to stay in Florida. The wife said she did not know why the husband would not let her return until she learned about Gloria. The husband said the wife voluntarily decided to stay in Florida. He “didn’t remember” if he told her she could not stay with him in Louisiana. The husband did remember asking the wife “What are you doing here?” and telling her that Gloria and her parents were staying with him.
The wife’s testimony, accepted as true, supports a finding of constructive abandonment, an adjunct to abandonment, whereby a spouse, without lawful cause, prevents or bars the other spouse from entering the matrimonial domicile. Schirrmann v. Schirrmann, 436 So.2d 1340 (5th Cir.1983) writ denied 440 So.2d 761 (La.1983); Quinn v. Quinn, 412 So.2d 649 (2nd Cir.1982) writ denied 415 So.2d 945. The trial court properly concluded the husband’s actions constituted a constructive abandonment of the matrimonial domicile. The husband thus bore the burden of proving there was lawful cause for the withdrawal. On this basis, the court imposed the burden of moving forward with the evidence on the husband. We discern no error in the court’s ruling.
Evidence of the wife’s fault was sparse. The husband complained that she frequently visited her family for extended time periods and lost interest in doing things together. His counsel points to the fact she purchased a one-way ticket when going to Florida and a round-trip ticket to Louisiana and hence was not sincere in her efforts to join her husband. The husband also said she “treated him like a child” and “made him buy a house” in Minnesota (apparent references to their age differences, 40 and 57). While there may have been some friction between the spouses regarding family conflict, nothing in the record suggests the intensity was sufficient to warrant the husband’s barring the wife from his residence. See Schirrmann, supra. Moreover, considering the totality of the evidence, the cause of the breakup of the marriage was the husband’s actions. There being no other evidence of fault on the part of the wife, we discern no error in the trial court’s holding that the wife was free of fault in the breakup of the marriage.
*612 The husband’s final contention is that the wife is not in necessitous circumstances because she resides with her mother, pays nothing for shelter, and has the earning capacity to support herself. In the alternative, he contends alimony of $150.00 per month satisfies her needs and is “affordable”; hence, $500.00 is excessive.
The wife is 57 years old, uneducated, and unemployed. She has in the past worked as a babysitter and in a cafeteria. She was offered a part-time job as a stock person at K-Mart but turned it down because it involved heavy lifting, paid little, and she was afraid of “losing” alimony. The wife has made no other attempts to find employment.
The wife, until recently, resided in an apartment in Florida but now resides with her mother because she cannot afford to pay rent. She does not contribute to the household expenses. The wife submitted a monthly expense estimate for rent, utilities, food, clothing, medical treatment, household and personal supplies, and recreation, gifts and donations totaling $985.00. The wife listed no long term liabilities; conversely, she listed no assets.
The husband’s monthly take home pay is $2,000.00. He receives rentals of $425.00 a month from a condominium in Maryland but uses the money to pay the note and condominium fees.[1] The husband offered no estimate of his monthly expenses.
The alimentary obligation recognized by La.Civil Code Article 160 is imposed on the spouses, not their parents. The husband cannot escape this obligation by requiring the wife to live off her mother. However, the wife herself has a duty to support herself, if able, for Article 160 does not require that the husband subsidize a lifetime of employment inactivity by his former wife. Ware v. Ware, 461 So.2d 467 (5th Cir.1984). The trial court was keenly aware that the wife’s earning potential was one of the considerations in setting the alimony award; it noted that the wife is employable “though probably only able to earn a minimum wage.” Thus, the award is $500.00 per month, certainly not a sufficient amount to support the wife. The court obviously expects her to supplement the award through employment.
It is well established that the trial court has great discretion in making alimony determinations, and its rulings will not be disturbed absent a manifest abuse of discretion. Cressend v. Cressend, 514 So.2d 225 (5th Cir.1987); Gros v. Gros, 463 So.2d 37 (5th Cir.1985) writ denied 464 So.2d 303. The trial court clearly struck a balance between the competing interests. Under the circumstances, we discern no abuse of discretion.
The judgment of the trial court is affirmed at the husband’s cost.
AFFIRMED.

. It is not clear from the record whether the wife owns an interest in the condominium or in other property which the husband referred to while testifying.