336 So.2d 912 (1976)
Roberta Sue Martin LOYD, Plaintiff-Appellant,
v.
Winford Ray LOYD, Defendant-Appellee.
No. 12983.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Eugene J. Coen, Shreveport, for plaintiff-appellant.
*913 James E. Franklin, Jr., Shreveport, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
The wife sued her husband for a separation on the grounds of abandonment and cruel treatment. The husband reconvened asking for a separation on the grounds of cruel treatment. In preliminary proceedings the parties agreed that the wife would have possession of their house and temporary care and custody of their four minor children and that the husband would pay child support in the amount of $75 per month for each child. Following trial on the merits, for reasons dictated into the record, the trial judge decided neither the husband nor the wife had shown cause for a separation and rejected their demands. The wife appealed. We affirm the judgment of the trial court.
The parties were married in 1957 and had five children, four of whom were minors at the time they separated in November, 1975. The husband moved out of their home in November but the wife admitted she asked him to leave. He only took part of his things and, in fact, moved back into the house after a couple of weeks, whereupon the wife left with the children. It is not disputed that he made efforts at reconciliation but the wife told him it was too late. Under these facts, the wife is not entitled to a separation on the grounds of abandonment.
The wife's principal complaints of cruel treatment were that the husband, over a period of several years, continuously nagged her and their children, griped, was harsh on the children, required her to work against her will, worked the graveyard shift at a plant a considerable distance from home, physically abused her in the past, and struck her on the day they separated. The wife's testimony was corroborated by that of a friend only to the extent that there were arguments and a strained relationship between the husband and wife.
The husband denied any acts of cruelty against his wife. He testified that their troubles began about three years before when they got into financial difficulty requiring them to enter into a wage earner plan under federal bankruptcy law. The wife went to work to help pay their bills and according to the husband worked overtime against his wishes. The husband testified the wife refused to have anything to do with him sexually and told him he would have to sleep in a separate bedroom.
The trial court found there was evidence of constant bickering and incompatibility and that it was probably too late to expect the marriage to be saved. The court found, however, that neither party proved the other was at fault or proved cruel treatment by the other sufficient to serve as grounds for a separation from bed and board. The wife's testimony was denied by the husband and was essentially uncorroborated.
Under existing Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed to the other can constitute cruel treatment, but mutual incompatibility, fussing and bickering cannot.
The evidence, or lack thereof, supports the decision of the trial court, with which decision we are in agreement. The judgment is affirmed at appellant's costs.
Affirmed.