441 So.2d 507 (1983)
Franklin Huey JENKINS, Plaintiff-Appellee,
v.
Judy Dianne Bennett JENKINS, Defendant-Appellant.
No. 15871-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
Writ Denied January 27, 1984.
*508 Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellee.
McLeod, Verlander & Dollar by Robert P. McLeod, Monroe, for defendant-appellant.
Before PRICE, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Judy Dianne Bennett Jenkins appeals a judgment of the trial court awarding a separation on the basis of mutual fault. Finding the ruling of the trial court to be erroneous as a matter of law, we reverse.
Franklin Huey Jenkins petitioned the court for a separation from his wife based on abandonment. Mrs. Jenkins reconvened against her husband seeking a separation on the grounds of constructive abandonment, habitual intemperance, and cruelty, both physical and mental. After hearing all of the evidence, the trial court in written reasons for judgment stated:

*509 ... The Court, in reviewing all the evidence and all the facts of the case and the pleadings, feels that this is a situation in which both parties, through their actions have caused a dissolution of the marriage and that neither party is free from fault in causing the dissolution and breakup of this marriage. The Court finds that neither party prevailed to that degree of assurance which would convince this Court that they had met their burden of proof by preponderance of the evidence. The Court does find that there is a genuine dispute existing between these parties and that irreconcilable differences exist and will grant the separation on the basis of mutual fault in that both parties equally or nearly equally participated in the dissolution of this marriage and that neither party is free from fault.
After reading the brief reasons of the trial court, we conclude that it made the following findings: Although the trial court found neither party to be free from fault, it was found that neither party had proven their case by a preponderance of the evidence. Viewing the reasons as a whole, we can only conclude that the "fault" which the court attributed to each of the parties was of a nature and degree less than "legal fault." This conclusion is evident from the court's finding of a genuine dispute existing between the parties which is characterized as "irreconcilable differences."
Although the trial court made factual findings which support a conclusion that there was an absence of proof of "legal fault", a separation was awarded to the parties on the basis of mutual fault.
La.C.C. Art. 141 provides:
A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation...
This article does not create a new ground for separation but the fault contemplated within this article is fault which constitutes an existing independent ground for separation under La.C.C. Art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir. 1978). While the fault of the parties need not be equal, it must be sufficient standing alone to award the other a separation. Harrington v. Campbell, 413 So.2d 297 (La. App. 3d Cir.1982). A party seeking a separation must prove his right to the separation by a preponderance of the evidence. Ryan v. Ryan, 422 So.2d 239 (La.App. 4th Cir.1982). Where neither party establishes independent entitlement to a separation, the standard for a mutual fault separation is not met because in order for a mutual fault separation under La.C.C. Art. 141 to be properly granted, each party must be guilty of conduct sufficient to constitute an independent ground for separation under La.C.C. Art. 138. Blackwell v. Blackwell, 413 So.2d 1331 (La.App. 1st Cir.1982).
In a divorce or separation proceeding, the trial court's finding of fact on the issue of fault is entitled to great weight and will not be disturbed on appeal absent a finding of manifest error. Harrington v. Campbell, supra; Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir.1980); Aguillard v. Aguillard, 380 So.2d 104 (La.App. 1st Cir.1979).
After reviewing the record, we cannot say that the trial court was clearly wrong in its finding that the fault which it found to be present was of a nature which does not constitute legal fault. It is clear from our reading of this record, that the parties have irreconcilable differences. Under Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed at the other can constitute cruel treatment; however, mutual incompatibility, fussing and bickering cannot. Loyd v. Loyd, 336 So.2d 912 (La.App. 2d Cir.1976). During this fairly short lived marriage, the parties' discord has resulted in numerous physical separations. However, after each occasion of separation, the parties resumed their marital relationship until Mrs. Jenkins removed herself and her minor child from the matrimonial domicile on January 25, 1982.
The events giving rise to this separation are vigorously disputed. Mr. Jenkins testified that Mrs. Jenkins left home on January *510 25, 1982 without prior notice and without cause. He stated that she removed herself, their minor child and some of their belongings while he was at work. He had no conversation with her regarding why she left and she has not returned. He simply stated that prior to the time this suit was filed that she was welcome to return if that is what she wanted. However, he never testified that he constantly desired his wife to return nor that he even contacted her prior to filing this suit for separation only 11 days after she left. He did not even try to find out where she was much less ask her to return. On cross examination, he recalled that the parties had been arguing and fussing during the week-end immediately preceding Mrs. Jenkins' moving, stating that it was a normal situation like every other time she decided to leave. He specifically denied any incidents of physical abuse and cursing, further denying that he ordered his wife to take the baby and leave.
On the other hand, Mrs. Jenkins testified that she left because Mr. Jenkins had thrown their child at her during a week-end replete with arguments and vile language on his part and had told her to take the baby and leave. She stated that her husband told her to leave so she left the next day. She further testified that Mr. Jenkins had told his son Vance to come back home because Mrs. Jenkins and the baby would be out of the house and that this reinforced her reason for leaving. Vance was never called to testify to verify the actual facts surrounding this alleged occurrence.
In fact, each party emphatically denies the other's version of the events which occurred immediately prior to their physical separation. No other witnesses were presented to corroborate either party's version of any of these events.
Mere uncorroborated testimony of one spouse as to the other spouse's alleged acts, contradicted by the accused spouse, where the credibility of neither is attacked will not constitute a preponderance of the evidence required to justify a judgment of separation absent an ability of the trial court to determine the truth of what occurred by weighing credibility. See Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976); Johnson v. Johnson, 296 So.2d 470 (La.App. 2d Cir.1974).
Based upon the conflicting testimony contained within this record, the trial court obviously concluded that neither party had proven by the required preponderance the fault of either party in the principal cause of the separation; thus, there was a mutual failure of proof of the requisite "legal fault". From our review of the record, we conclude that the trial court was justified in determining that Mr. Jenkins did not constantly desire his wife's return and that there was no proof that she constantly refused to return. Furthermore, the trial court was justified in finding that Mrs. Jenkins had failed to prove that the events which transpired over the weekend preceding her actually leaving constituted cruel treatment or constructive abandonment. See and compare Harrington v. Campbell, supra; Bergeron v. Bergeron, 372 So.2d 731 (La.App. 4th Cir.1979). Viewing the record as a whole, a conclusion supported by the record which was obviously reached by the trial court was that the separation of January 25, 1982, was in reality a consensual separation based on the parties' history of irreconcilable differences and general marital discord. If the evidence in a suit does not establish fault on the part of each party but merely shows mutual incompatibility or general dissatisfaction with a relationship, then there is no codal authority for rendition of a judgment of separation.[1]Dixon v. Dixon, supra; Dugas *511 v. Dugas, 424 So.2d 1189 (La.App. 1st Cir.1982).
Accordingly, because the trial court found that neither party had proven conduct sufficient to constitute an independent ground for separation under La.C.C. Art. 138, the trial court was legally in error in awarding the parties a separation on the basis of mutual fault. Therefore, the judgment of the trial court is reversed and judgment is rendered dismissing the claims of both parties. Costs are to be divided equally.
JUDGMENT REVERSED AND RENDERED.
NOTES
[1] La.C.C. Art. 138 provides in part:

Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
10. When the spouses have lived six months separate and apart, voluntarily and without reconciliation; provided that both spouses shall execute an affidavit attesting to and testifying that they have so lived separate and apart and that there exists irreconcilable differences between the spouses to such a degree and nature as to render their living together insupportable and impossible. In all such cases, the proceedings shall be entitled "In the matter of ___________ (petitioner) and his (or her) spouse ____________".
While we are mindful of this statutory authority for the granting of separations on the basis of irreconcilable differences, it is inapplicable to cases such as the instant one which are contested because it requires an agreement on the part of both spouses; therefore, it cannot be a ground for one spouse's obtaining a judgment against another. Furthermore, it may only be brought after the parties have voluntarily lived separate and apart for six months.