FRED W. JONES, Jr., Judge.
The wife sued her husband for a separation based on abandonment. The husband reconvened asking for a separation on the ground of cruel treatment. Following trial on the merits, for reasons dictated into the record, the trial judge decided for the wife and against the husband and granted a separation on the ground of abandonment. The husband appealed. We affirm the judgment of the trial court for the following reasons.
The parties were married August 25, 1962, and had two children, a son and a daughter. On January 3, 1984, the daughter, 17, and her father moved out of the family home and into a trailer. The facts surrounding the husband’s leaving are fairly clear.
For some time the wife had tried to control the daughter’s activities, with particular attention to her associates. The daughter found her father somewhat more accommodating, and chose to tell him and not her mother where she was going. Mother resented father allowing daughter to come and go quite so freely and told him so in no uncertain terms. The frequency and bitterness of the communication on this topic are disputed, but the record reflects that the exchanges took place more than once a month and perhaps as frequently as once a week.
Matters worsened when the husband had his hunting buddies over for New Year’s Eve. After a day of celebrating with wife playing hostess, husband, hunting buddies and daughter left wife with the dirty dishes. The daughter testified that her father drove her to a friend’s house at her request. The wife testified that he came in around 11:00 p.m. When the husband returned home, he found his wife moving his clothes into the son’s vacant room. The wife told her husband that he could move back into the common bedroom when “he decided to put (her) first.”
On January 3, 1984, the daughter called her father at work and said that her mother had “put a warrant” on her friend and she was not going home. The daughter had left home once before and on that occasion the husband told his wife that if she caused their daughter to leave again they would both move out. The daughter testified:
“I had come back home that time we had sat down, and daddy had come and a got me from a ball game, and we come home and she said mama wanted to talk to me. So we come in there and she said she was sorry for making me leave and that the next time she done something she wouldn’t take it out on me, she’d take it out on daddy, and daddy told her then that if she ever done something for me to leave, that he’d leave, too, and there would be no questions asked about anything and that’s all I want to say.”
Appellant argues that: (1) there was just cause for him to leave the matrimonial domicile, and (2) there was no credible proof that the wife attempted a reconciliation.
*892 The husband testified on cross-examination:
“Q. Did anything particular happen that day to make you move out, on January the 3rd?
A. Yes, sir,'it did. Yes, sir, my daughter called me from home and she had forced my daughter to leave home, and my daughter called me and told me she wasn’t coming back home so I come home and moved our stuff.
Q. Well, you left because your daughter left, is that whet you’re saying?

A. That and just gripping (sic), and bellyaching, and can’t get along.”
The record reflects that some disagreements did occur in the home. The wife’s complaining as reflected in the record does not rise to the level of cruel treatment sufficient to render their living together insupportable. The lawful cause justifying a withdrawal must be substantially equivalent to a cause giving grounds for separation. Quinn v. Quinn, 412 So.2d 649 (La.App. 2d Cir.1982), writs denied 415 So.2d 941 and 945. “Mere friction, dissatisfaction or incompatibility, however intense, are not enough to constitute lawful cause.” Quinn, supra, at 652. Mere bickering does not constitute cruel treatment and is not sufficient provocation to warrant abandonment. Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2d Cir.1983), writ denied 444 So.2d 1223; Loyd v. Loyd, 336 So.2d 912 (La.App. 2d Cir.1976); Burnett v. Burnett, 324 So.2d 622 (La.App. 2d Cir.1975).
The preponderance of the evidence shows that the husband threatened to leave if the wife provoked the daughter into leaving home again. The record reflects that he chose to support his daughter rather than his wife without even discussing her complaints. Clearly, this does not constitute justification for leaving the matrimonial domicile. Furthermore, this “no questions asked” attitude left little room for reconciliation.
In this case, whether the husband constantly refused to return to his matrimonial domicile is largely a credibility assessment of the trial court, to which we must accord great weight. A review of the record reflects no manifest error. Consequently, we affirm the judgment of the district court, with cost of appeal assessed to the appellant.