485 So.2d 956 (1986)
Kim Monica Killebrew, Wife of Jeffrey C. COLLINS
v.
Jeffrey C. COLLINS.
No. 85-CA-617.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
Writ Denied May 12, 1986.
*957 Floyd J. Reed, Reed & Reed, New Orleans, for plaintiff-appellant.
Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for defendant-appellee.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
KLIEBERT, Judge.
This is a suspensive appeal by the wife, Monica Killebrew Collins, from a judgment of the district court decreeing a separation from bed and board between her and her husband, Jeffrey C. Collins. The judgment found the parties to be mutually at fault and provided for the settlement of alimony and community property rights. For the reasons which follow, we dismiss the appeal as to all parts of the judgment except the judgment of separation from bed and board and as to that judgment affirm the trial court.
The wife filed for a separation from bed and board on December 17, 1984. The petition alleged as grounds for the separation cruel treatment and the wife's abandonment by the husband on November 24, 1984. It also prayed for alimony pendente lite and use of the family home. The husband filed an answer denying the allegations of the wife's petition. Incorporated in the answer was a reconventional demand for a separation based on alleged cruel treatment of the wife.
The rule for alimony pendente lite was heard on February 28, 1985. After hearing the testimony of both parties, the court ordered the husband to pay alimony pendente lite of $325.00 bi-weekly and maintain Mrs. Collins on his hospitalization policy.
On June 5, 1985, while the deposition of Mr. Collins was being taken, the litigants entered into negotiations to settle the marital dispute. Although the case was not set for trial on the merits, the parties asked and the court agreed to hear the merits at that time. At the commencement of the hearing the parties stipulated as follows:
"MR. RIEGEL:
... evidencethe stipulation is as follows: we're going to take up the case this morning on the merits for a judgment of separation on mutual fault. Mr. Collins will pay to Mrs. Collins in satisfaction of alimony and community rights, the sum of five thousand dollars cash; there will be no further alimony rights on behalf of either party, either pendente lite or permanent. Mr. Collins will assume all community obligations except as otherwise provided for in this stipulation. Mr. Collins will pay the uncovered portion of certain coveredinsurance covered medical expenses, this was insurance with his former employee, incurred by the wife and the total maximum of those expenses that she has incurred, to be submitted to insuranceor that have already been submitted, are thirteen hundred dollars, and that's the extent of the gross amount that we would be responsible for the deductible portion. Mrs. Collins will waive any community rights, or any rights to the husband's separate proceeds, from a lawsuit pendinglately pending in the Fourteenth Judicial District Court for Calcasieu Parish, entitled `Collins versus Ritter and B.J. Trucking and Contracting, Inc.,' that each party will be responsible for his or her own attorney fees in this proceeding, and any debt incurred by a party subsequent to the physical separation, which was on or about 12/1 of 1984, will be the separate debt of that party. Mrs. Collins will receive the 1983 Buick Regal automobile, and she will assume the mortgage indebtedness on that automobile, commencing with the June paymentJune of 1985. Mr. Collins will make up the past-due payments; there are three past-due payments. There is a Plymouth Reliant automobile which is mortgaged, which is going to be repossessed by the creditor the purchase price hasn't been paid for it, okay, and the title has never been transferred.
* * * * * *
(AN OFF THE RECORD DISCUSSION BETWEEN COUNSEL)
MR. RIEGEL:

*958 Yes, and the restraining order that was issued against the funds received by Mr. Collins, will be dismissed as well as all rules that are presently pending before the court filed by both parties. Payment of the five thousand dollars will be made upon theafter the signing of the judgment.
THE COURT:
That's so stipulated, Mr. Plaia?
MR. PLAIA:
Yes, your Honor."
Then Mr. Collins testified under oath as follows:
"MR. PLAIA:
Q. Mr. Collins, you're presently married to Kim Killebrew Collins?
A. Yes, I am.
Q. Were you married to her on or about August 21st, 1982, in New Orleans?
A. Yes, that's correct.
Q. And at the time of the filing of her petition, you and her were both domiciled in Jefferson Parish?
A. That's correct.
Q. And no children were born of the marriage?
A. That's correct.
Q. And Mr. Collins, is it not true that during the course of the marriage, you perpetrated certain acts of cruelty against your wife?
A. That's correct.
Q. And is it also not true that she also perpetrated certain acts of cruelty against you?
A. That's correct.
Q. And that the acts of cruelty that you perpetrated against each other would constitute mutual fault?
A. That's correct.
MR. PLAIA:
I have no other questions, your Honor.
THE COURT:
MR. Riegel?

DIRECT EXAMINATION
MR. RIEGEL:
Q. Mr. Collins, did you and your wife separate?
A. Yes, we did.
Q. And when did you separate?
A. We separated December 1st of 1984.
Q. And have you lived continuously separate and apart since that time?
A. Yes, we have.
Q. And the irreconcilable differences between you are such as to render your continuing to live together insupportable?
A. There are such irreconcilable differences.
Q. And you heard the stipulation that was entered into the record ...
A. Yes, sir.
Q.... prior to the hearing? You're in agreement with the terms of that stipulation?
A. Yes, I am.
MR. RIEGEL:
I have no further questions.
THE COURT:
You may step down, sir."
Thereafter, Mrs. Collins testified under oath as follows:
"MR. PLAIA:
Q. Mrs. Collins, did you hear your husband testify regarding the circumstances which led to the breakup of your marriage?
A. Yes, I did.
Q. Do you agree with his testimony, ma'am?
A. Yes, I do.
Q. Do you also agree to the stipulation that was entered into the record regarding the partition of the community between you and he?
A. Yes, I do.
MR. PLAIA:
I have no other questions, your Honor. (To the witness) You heard your husband testify regarding the fact of mutual fault, ma'am?
THE WITNESS:
Yes, I did.
MR. PLAIA:

*959 Q. Okay, and you agreeand you agree with his testimony?
A. Yes, I do.
MR. PLAIA: I have no other questions.
MR. RIEGEL: No questions."
The lawyers then agreed an approved judgment would be submitted to the court.
On June 7, 1985, Mrs. Collins wrote a letter to the trial judge informing him she had terminated the employment of her attorney because she believed he had not properly represented her in making the settlement. She also sent a letter to her attorney saying the same thing.
Subsequently, on June 11, 1985, Mr. Collins, an attorney, submitted a judgment to the trial court with a cover letter dated June 11, 1985. In his letter, Mr. Collins refers to Mrs. Collins' letter to the trial judge dated June 7, 1985. Mr. Collins asked the trial judge to sign the judgment in accordance with the stipulation and suggested that if Mrs. Collins felt she was treated unfairly, her remedy was to appeal.
On July 29, 1985 the trial judge signed the judgment which provided, in part, as follows:
"This cause came on June 5, 1985, for trial.
Present: Bernard M. Plaia, Jr., attorney for Kim Monica Killebrew Collins

and
Philip R. Riegel, Jr., attorney for Jeffrey C. Collins
The court considering the pleadings, the evidence, and the stipulations of the parties and the law and the evidence being in support of the judgment hereinbelow for the reasons this day orally assigned:
IT IS ORDERED, ADJUDGED AND DECREED, that:
1) There be judgment herein decreeing a separation from bed and board between Kim Monica Killebrew Collins and Jeffrey C. Collins and finding the parties to be mutually at fault.
2) Jeffrey C. Collins shall pay to Kim Monica Killebrew Collins the sum of $5,000.00 in settlement of alimony and community property rights. This sum should be due and payable upon the signing of this judgment by the court.
3) Neither party shall have any further right against the other for either alimony pendente lite or post divorce alimony.
4) Jeffrey C. Collins shall assume all community obligations except as otherwise provided in this judgment.
5) Jeffrey C. Collins shall pay the deductible portion of medical expenses incurred by Kim Monica Killebrew Collins which are covered under the provisions of a medical insurance policy which Jeffrey C. Collins had with his former employer. The maximum total amount of said medical expense for which he is obligated to pay the deductible portion is $1,300.00.
6) Kim Monica Killebrew Collins shall have no claims on behalf of the community or on behalf of Jeffrey C. Collins separate estate in a proceeding lately pending in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, entitled Collins v. Ritter and B.J. Trucking and Contracting, Inc. Kim Monica Killebrew Collins shall retain any right which she may have to pursue damages due her separate estate in said lawsuit.
7) Each party shall be responsible for his or her own attorney's fees in this proceeding. Each party shall be solely responsible for any debt incurred by that party after December 1, 1984. Kim Monica Killebrew Collins shall receive ownership of a 1983 Buick automobile belonging to the community and she shall assume payment of the indebtedness on said automobile, to the complete acquittance and discharge of Jeffrey C. Collins, commencing with the payment due in June, 1985. Jeffrey C. Collins shall pay the past due installments for the last three months.
8) The following items shall be recognized as the separate property of Jeffrey C. Collins:

*960 a) Chinese desk and commode.
b) Oak table and chairs.
c) Microwave oven and stand.
d) Clothes dryer
e) Any items given to the parties by his family.
The following items shall be recognized as the separate property of Kim Monica Killebrew Collins:
f) Three bowed chest.
g) Cyprus (sic) vanity.
h) Crystal and china set.
i) Set of pots and pans.
j) Clothes washing machine.
k) Any items given to the parties by her family.
9) In the event the parties cannot agree on whether or not a specific item found in the community are community or separate property of a spouse or in the event they cannot agree on the division of particular assets the parties will submit these issues to binding arbitration. The arbitrator shall be an attorney at law agreed to between the parties and the costs of the arbitration shall be divided equally between them.
10) All temporary restraining orders and injunctions issued herein be and the same are hereby vacated, recalled and annulled.
11) All rules presently pending before the court, including rules for contempt, arrearages in support, attorney's fees, be and the same are hereby dismissed with prejudice and at the cost of the party filing the rule."
On September 5, 1985, Mrs. Collins, through her present attorney, filed a suspensive appeal from the judgment of July 29, 1985. After the record was lodged in this court, Mr. Collins filed a motion to dismiss, based on the contention all or at least portions of the judgment of July 29, 1985 was a consent judgment and hence non-appealable.

MOTION TO DISMISS THE APPEAL
In his brief in support of the motion, counsel for Mr. Collins concedes the wife has a right to maintain an appeal from that portion of the judgment decreeing a separation from bed and board, since such a judgment cannot be a matter of consent or stipulation. He argues, however, that the judgment is divisible and hence that portions of the judgment based on the stipulation, i.e., the portions relative to the alimony and community partition, should be dismissed. We agree.
Code of Civil Procedure Article 2085 provides as follows:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession or acquiescense in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
The appellant herein does not claim the signed judgment was inconsistent with the provisions of the stipulations made in open court. Rather, the appellant actually seeks to repudiate the stipulations made, dictated into the record and since transcribed. The stipulation constituted an agreement or contract of compromise and its oral dictation into the record conferred upon each of the parties the right of judicial enforcement of its performance. Civil Code Article 3078.
In Hill v. Hill, 471 So.2d 1130 (La.App. 3rd Cir.1985), our brethren on the Third Circuit said:
"An appeal cannot be taken by a party who confessed judgment in the trial court proceedings or who voluntarily and unconditionally acquiesced in a judgment rendered against him. C.C.P. Art. 2085; Cowart v. Martin, 358 So.2d 652 (La. App. 1st Cir.1978). An appeal is subject to dismissal where appellant's attorney clearly and unequivocally agreed in open court to the entire judgment rendered against him. See Armstrong v. Armstrong, 384 So.2d 566 (La.App. 4th Cir. 1980) and Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979)." *961 Accordingly, except as to that portion of the judgment granting a separation from bed and board, we dismiss the appeal.

SEPARATION FROM BED AND BOARD
Present counsel for Mrs. Collins, for the apparent purpose of seeking to overturn the previous agreements and stipulations as to alimony and partitioning of the community, contends the judgment of separation from bed and board is invalid. He initially argued that the separation judgment was invalid because it was grounded on unspecified, consented-to, mutual fault. On the other hand, counsel for Mr. Collins contends the separation judgment was valid because it was grounded on the parties having lived separate and apart for six months and having irreconcilable differences which rendered their living together insupportable and impossible. In response to the contentions of Mr. Collins' counsel, Mrs. Collins' counsel argues the separation judgment could not be validly granted on the grounds urged by Mr. Collins because neither party executed an affidavit of irreconcilable differences as required by Civil Code Article 138(10).
Civil Code Article 141 provides as follows:
"Art. 141. Separation; mutual fault; alimony pendente lite; permanent alimony
A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
Although this article authorizes the granting of a separation where both parties are at fault, it does not create a new ground for separation. Rather, the fault contemplated by this article is fault which constitutes an existing independent ground for separation under Civil Code Article 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir.1978); Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2nd Cir.1984). Hence, we agree with the defendant's contention the separation judgment cannot be validly based on unspecified consented-to mutual fault. Although mutual fault can be consented to or agreed upon for the purpose of disposing of or settling permanent alimony rights, a separation must be based on proof of one of the grounds enumerated in Civil Code Article 138.
Civil Code Article 138(10) provides, in part, as follows:
"Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
10. When the spouses have lived six months separate and apart, voluntarily and without reconciliation; provided that both spouses shall execute an affidavit attesting to and testifying that they have so lived separate and apart and that there exists irreconcilable differences between the spouses to such a degree and nature as to render their living together insupportable and impossible. In all such cases, the proceedings shall be entitled `In the matter of_________________________ (petitioner) and his (or her) spouse _____________'".
As we view Civil Code Article 138(10), when the spouses have lived six months separate and apart, voluntarily and without reconciliation, they have grounds for a separation from bed and board, provided they prove they have so lived separate and apart and that there exists irreconcilable differences between the spouses to such a degree and nature as to render their living together insupportable and impossible.
Civil Code Article 138(10) contemplates the furnishing of an affidavit and Code of Civil Procedure Article 3946 sets out the following minimum procedural requirements for proof where affidavits have been executed as follows:
"Art. 3946. Continuous separation for six months; pleadings; proof; alimony agreement

*962 A. In a proceeding for separation from bed and board on the ground that the spouses have lived separate and apart, voluntarily and without reconciliation, for six months, no judgment of separation shall be rendered unless both spouses have executed and filed in the record the affidavits required by Paragraph (10) of Article 138 of the Civil Code. If both affidavits are not filed with the petition, the petitioner may request service on the other spouse of a copy of the petition, the petitioner's affidavit, and a notice advising the other spouse that his affidavit is necessary for the action to proceed. No answer or other responsive pleading is appropriate to or required in this proceeding.
B. An evidentiary hearing shall be required, but the testimony of either spouse establishing prima facie proof of the ground shall be sufficient to support a judgment of separation from bed and board.
C. The spouses may enter into a stipulation setting forth the amount and conditions of payment of permanent alimony after divorce, but the issue of fault for purposes of determining entitlement to permanent alimony shall not be appropriate to the proceeding, and the finding of the existence of irreconcilable differences between the spouses shall not be used in any subsequent proceeding, in which a claim for permanent alimony is made, to prove or impute either mutual fault or the fault of either spouse."
According to Article 138, the purpose of the affidavits is for the parties to appear before someone qualified to give an oath and, while under oath, attest and testify to the fact they have lived separate and apart for the required six months and that there exists irreconcilable differences between them. The execution of the affidavits alone is not sufficient proof of the requisite grounds for a separation, for Code of Civil Procedure Article 3946 B requires testimony of at least one spouse testifying as to the substance of the affidavit to supply the proof.
Hence, although the parties have not actually executed an affidavit, the parties appeared before the trial judge and while under oath attested and testified to a separation, without reconciliation, in excess of six months and to the existence of irreconcilable differences between them. Further, their testimony has been reduced to writing and forms part of the record. Thus, the parties have submitted evidence which is superior to affidavits (where affidavits are involved, at least one spouse must appear in court to testify) to prove the grounds for a separation from bed and board under Civil Code Article 138(10). Consequently, we hold that under the circumstances presented here and the testimony of both spouses under oath, the failure to additionally execute an affidavit does not render the judgment of separation invalid.

CONCLUSION
In conclusion, then, we dismiss the appeal except as to that portion of the judgment decreeing a separation from bed and board and as to that judgment, affirm the trial court. All costs of the appeal are to be paid by appellant.
AFFIRMED IN PART; DISMISSED IN PART.