CHEHARDY, Chief Judge.
This is a suit for separation from bed and board. Susan Jean Whiteley filed suit first, alleging abandonment, and Robert Claude Whiteley reconvened for separation on the ground of cruel treatment. After trial on the merits, the trial judge concluded that neither party was blameless but found no fault on either part sufficient to justify a mutual fault decree. He then awarded a separation on the ground of irreconcilable differences, under LSA-C.C. art. 138(10).
Mr. Whiteley has appealed because the failure of the trial judge to find Mrs. Whiteley at fault leaves appellant potentially liable to pay alimony after divorce.
Mr. Whiteley contends, first, his wife should have been found at fault in the breakup of the marriage because she spent too much time playing bridge and because she displayed behavior toward him he contends constituted cruel treatment such as to make their living together insupportable. Secondly, he asserts the trial judge erred in granting a separation under C.C. art. 138(10) because the parties had not sought a separation on that ground and had not complied with the technical requirements of the statute.
In rebuttal, Mrs. Whiteley asserts her behavior was in reaction to her husband’s drinking, which she alleges constitutes habitual intemperance, and she asserts that Mr. Whiteley should be found at fault in the breakup of the marriage. (She did not raise the issue of habitual intemperance until her answer to her husband’s recon-ventional demand, but evidence was permitted on the issue by the trial judge as an instanter amendment to the pleadings.) In the alternative, she argues the judgment of separation should be upheld because the evidence established the substantive requirements for separation on the ground of irreconcilable differences, although the parties did not comply with the procedural requirements.
We turn first to the issue of fault in the breakup of the marriage. Mr. Whiteley alleged that his wife was guilty of cruel *1130 treatment through her obsession with duplicate bridge, her lack of interest and/or avoidance of sexual contact, and her statements that she no longer wished to be married to him.
Because Mrs. Whiteley failed either to cross-appeal or to answer Mr. Whiteley’s appeal, we do not consider her arguments that we should find Mr. Whiteley at fault. We will review the degree of his fault only to determine whether it was justification for Mrs. Whiteley’s actions.
The evidence established that Mr. Whiteley left the matrimonial domicile on March 23, 1985; he never asked to return and Mrs. Whiteley never requested that he return. Mrs. Whiteley admitted she told her husband, prior to his leaving, that she no longer wanted to be married. They agreed they should separate and that Mr. Whiteley should leave the house.
As to Mr. Whiteley’s drinking, Mrs. Whiteley admitted that he had been drinking for the duration of the marriage, some eight years. They had separated once previously and he had undergone treatment for alcoholism.
“A separation may be granted on grounds of abandonment if it is established that one of the parties withdrew from the marital domicile without lawful cause and constantly refused to return. * * * Similarly, barring a spouse from the matrimonial domicile without lawful cause constitutes constructive abandonment. * * * Lawful cause justifying withdrawal from or barring the other spouse from the common dwelling is substantially equivalent to a cause giving the withdrawing spouse grounds for a separation under LSA-C.C. Art. 138. Mere friction, dissatisfaction or incompatibility, however intense, are not enough to constitute lawful cause. * * ” Quinn v. Quinn, 412 So.2d 649, 652 (La. App. 2 Cir.1982), writ denied 415 So.2d 941, 945.
Obviously Mrs. Whiteley failed to prove the type of abandonment required to constitute a basis for judicial separation. See LSA-C.C. arts. 138(5), 143.
Mr. Whiteley testified that Mrs. Whiteley had become a duplicate bridge player some years before, but it was not until they moved to Louisiana in 1984 that she “became totally obsessed” with it. He stated she was out almost every day playing bridge; when not playing bridge she would be on the telephone talking to other bridge players, or would be reading books about bridge, or taking bridge classes. He said her only friends were other duplicate bridge players and that her “addiction” to the game “drove a wedge” into their marriage.
He also testified his wife was physically indifferent to him. His wife’s male bridge friends telephoned her frequently and this “bothered” Mr. Whiteley.
He stated he left the house at his wife’s insistence, because she had come to him several times in the preceding weeks telling him their marriage was over and that he should leave. He stated she told him she wanted to be free to date other men.
He admitted his wife had complained about his drinking and that he occasionally drank excessively. He stated his drinking did not affect his work activities and that he never drank while working. He denied that he drank every day. He also stated that his wife “drinks plenty too.”
Mrs. Whiteley, on the other hand, urged that her absorption in bridge was produced by her need to distract herself from the problems caused by Mr. Whiteley’s drinking.
The fault required to form the basis of a mutual fault separation is conduct constituting an independent ground for separation, but it is not necessary for spouses to be guilty of equal fault as long as each spouse is found to have committed acts which constitute grounds for separation; additionally, the fault must be an independent contributing cause of the separation. Watson v. Watson, 442 So.2d 1310 (La.App. 3 Cir.1983), writ denied 445 So.2d 450.
*1131 Where neither party establishes independent entitlement to a separation, the standard for a mutual fault separation is not met because, for a separation to be granted on that ground, each party must be guilty of conduct sufficient to constitute an independent ground for separation. Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2 Cir.1983), writ denied 444 So.2d 1228.
A party seeking a separation must prove his right to the separation by a preponderance of the evidence; the trial court’s finding of fact on the issue of fault is entitled to great weight and will not be disturbed on appeal absent a finding of manifest error. Jenkins v. Jenkins, supra.
Viewing the evidence as a whole, we find no error in the district court’s determination that Mrs. Whiteley’s conduct was not sufficient to find her at fault under C.C. art. 138. As the court stated, neither party was blameless. The court’s finding that neither party established an independent ground for the breakup of the marriage is a factual determination and not clearly wrong. Accordingly, the district court correctly refused to grant a fault-based separation.
LSA-C.C. art. 138 sets forth ten grounds for separation from bed and board. The following portions are relevant here:
“Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
“3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;
******
“5. Of the abandonment of the husband by his wife or the wife by her husband;
******
“10. When the spouses have lived six months separate and apart, voluntarily and without reconciliation; provided that both spouses shall execute an affidavit attesting to and testifying that they have so lived separate and apart and that there exists irreconcilable differences between the spouses to such a degree and nature as to render their living together insupportable and impossible. In all such cases, the proceedings shall be entitled ‘In the matter of_(petitioner) and his (or her) spouse_’ ”
Paragraph 10, establishing irreconcilable differences as a ground for separation, was added in 1977. As a result of confusion in interpreting its requirements, LSA-C.C.P. art. 3946 was added in 1979:
“A. In a proceeding for separation from bed and board on the ground that the spouses have lived separate and apart, voluntarily and without reconciliation, for six months, no judgment of separation shall be rendered unless both spouses have executed and filed in the record the affidavits required by Paragraph (10) of Article 138 of the Civil Code. If both affidavits are not filed with the petition, the petitioner may request service on the other spouse of a copy of the petition, the petitioner’s affidavit, and a notice advising the other spouse that his affidavit is necessary for the action to proceed. No answer or other responsive pleading is appropriate to or required in this proceeding.
“B. An evidentiary hearing shall be required, but the testimony of either spouse establishing prima facie proof of the ground shall be sufficient to support a judgment of separation from bed and board.
“C. The spouses may enter into a stipulation setting forth the amount and conditions of payment of permanent alimony after divorce, but the issue of fault for purposes of determining entitlement to permanent alimony shall not be appropriate to the proceeding, and the finding of the existence of irreconcilable differences between the spouses shall not be used in any subsequent proceeding, in which a claim for permanent alimony is *1132 made, to prove or impute either mutual fault or the fault of either spouse.”
Mr. Whiteley contends the trial court had no authority to grant a separation on the ground of irreconcilable differences because the parties here had not complied with the technical requirements of C.C. art. 138(10) and C.C.P. art. 3946 — the parties had not executed the required affidavits and the suit had been filed under an adversarial title rather than “In the matter of Susan Jean Whiteley and her spouse Robert Claude Whiteley.” Appellant asserts the requirements of Art. 138(10) are mandatory and may not be waived by the court.
Mrs. Whiteley, on the other hand, while admitting that no affidavits had ever been executed and filed by the parties and that the suit had not been titled as required by Art. 138(10), points out that the evidence amply demonstrates the substantive facts required to be shown by the affidavits. She contends the affidavits and title of the case are purely procedural requirements that may be ignored by the court. She argues, “It is inconceivable that the trial court's decision could be questioned, when it is apparent that the parties themselves agree with * * * [the] granting of the separation * * *.”
We have ruled on precisely this point recently. In Collins v. Collins, on the docket of this court, 485 So.2d 956 (La.App. 5 Cir.1986), we held that where both parties have testified under oath to the facts required to prove the grounds for a separation based on irreconcilable differences (i.e., that they have lived separate and apart for six months, voluntarily and without reconciliation, and that there exist irreconcilable differences between them to such a degree as to render their living together insupportable and impossible), and their testimony has been reduced to writing and is in the record, they have submitted evidence superior to affidavits to prove the required grounds. Accordingly, we ruled, “[Ujnder the circumstances [in that case] and considering the testimony of both spouses under oath, the failure to additionally execute an affidavit does not render the judgment of separation invalid.”
The matter before us is distinguishable from the Collin case. In the present case, the parties had not lived separate and apart for six months either when the original petition for separation was filed or when the trial was held. (Mr. Whiteley moved out of the family home on March 23, 1985; Mrs. Whiteley filed her petition for separation on April 12,1985; the trial was held on September 11, 1985.) Therefore an essential requirement for an irreconcilable differences separation is unfulfilled and the district court erred in awarding a separation under C.C. art. 138(10).
For the foregoing reasons, therefore, we affirm that portion of the judgment finding no fault on the part of either party sufficient to justify a separation on fault-based grounds. That portion of the judgment granting a separation on the ground of irreconcilable differences under the provisions of C.C. art. 138(10) is reversed. Judgment is hereby rendered dismissing the demands of both parties. Costs are assessed equally to both parties.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.