CIACCIO, Judge.
Plaintiff, Christine Bouzon, filed suit for separation against defendant, Christopher Bouzon, on the grounds of cruel treatment and constructive abandonment. Mr. Bouz-on answered the suit with a general denial and reconvened for a separation on the basis of Mrs. Bouzon’s cruel treatment and abandonment. The trial court granted the separation, after finding each of the parties substantially free from fault. The defendant appeals the judgment of the district court. We affirm.
The record reflects the following:
Christopher Bouzon testified that he and the plaintiff lived together for 3 years prior to their marriage. The couple married in 1982 and had no children. He stated that his wife suffered from narcolepsy, a sleeping disorder and she took medication for this condition but he did not realize that his wife was abusing her medication until 1984. The defendant stated that his wife’s medication affected her personality, and his attempts to regulate her medicine were met with her opposition. He stated that, on occasion, she consumed a month’s supply of pills in a couple of weeks.
Mr. Bouzon further testified that his wife had unusual sleep patterns, often staying up most of the night watching T.V. instead of going to bed with him. Often when he returned from work he found his *2 wife still in her bed clothes, the house unkept, and no meals prepared. After working 12 to 14 hour days, the defendant, a part owner in a paint contracting business, often had to clean the house, wash the clothes and cook when he returned home. Mr. Bouzon testified that his wife had struck him, would often slam doors when she was angry, and once threatened to bum down their home.
According to the defendant, these conditions made his marriage intolerable. He and his wife then discussed a separation. Defendant stated that he did not order his wife out of the house. He stated that he had come home in July and found his wife had taken his coin collection worth thousands of dollars, his tools and personal equipment. At the end of December, 1985 he provided his wife with a moving van to remove her personal effects from their home. Because of all he had experienced with the plaintiff prior to the separation he could not now agree to take her back.
Mrs. Bouzon stated her desire to return to her husband. She said that he had told her he did not want to be married and she would have to leave. According to the plaintiff she returned from a Thanksgiving trip to find her house emptied of its furnishings.
Mrs. Bouzon said that her husband complained about her taking narcotic drugs for her narcolepsy. This medicine would keep her awake and it accounted for her erratic sleep habits. She admitted abusing the medication but stated that she has since been able to discontinue using the medicine.
The defendant said that her husband complained that she did not clean house or wash enough. She said that she kept a clean house, washed clothes regularly and would cook whenever her husband asked her to do so. She admitted that towards the end of the marriage her husband was doing 90% of the cooking. Mrs. Bouzon acknowledged that she did slam doors in the house. She also agreed that she smoked and accidentally burned holes in the furnishings. She attributed her husband’s distress to the pressures of his employment.
In seeking a reversal of the trial court judgment, defendant alleges two assignments of error: The trial court erred: (1) in failing to find Mrs. Bouzon at fault in the breakup of the marriage; and (2) in awarding a judgment of separation, finding both parties substantially free from fault.
Mr. Bouzon argues that he successfully proved the plaintiffs acts of cruel treatment and the trial court erred in failing to find her at fault.
In reaching its decision to award these parties a separation, the trial judge gave the following reasons for judgment:
REASONS FOR JUDGMENT
Mrs. Bouzon’s medical condition was known to Mr. Bouzon when he married her. Her personal habits were not unknown to Mr. Bouzon when he married her. Subsequent events were reasonably foreseeable. This Court cannot say that she is substantially at fault in the break up of the parties’ marriage. She was reasonably justified under the circumstances in leaving the family home.
Mr. Bouzon’s actions and reactions to his wife do establish to some extent that he bears some of the responsibility in the break up of his marriage. But this Court cannot say that his fault was of such a substantial nature that it was the primary cause of the parties’ break up.
After giving great weight to the emotions exhibited by the parties during testimony and observing their mannerisms on the stand, this Court concludes that both parties were substantially free of fault in the break up of their marriage.
Judgment will be entered accordingly.
******
The trial judge in domestic relations cases is afforded great discretion, especially where his findings rest upon evaluations of credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App., 1st Cir., 1976).
In such cases the factual findings of the trial court are accorded great weight and will not be reversed unless clearly *3 wrong. Gilberti v. Gilberti, 338 So.2d 971 (La.App., 4th Cir., 1976). Likewise, since “fault” is an issue of fact, the trial court’s findings of “fault” will not be disturbed on appeal unless clearly wrong. Pearce v. Pearce, 348 So.2d 75 (La., 1977) citing Morgan v. Morgan, 260 So.2d 336 (La.App., 4th Cir., 1972).
In the case of Pearce v. Pearce, supra at 77-78, the Louisiana Supreme Court discussed the issue of “fault” as follows:
‘We have held that, under this statute respecting an award of alimony to a wife without “fault”, the word “fault” contemplates conduct or substantial acts of commission or omission by the wife viola-tive of her marital duties and responsibilities. A wife is not deprived alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir.1970). To constitute fault a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958).
In this case the trial judge heard the testimony and saw the witnesses. He concluded from what he saw and heard that the parties were “substantially free from fault.”
The trial judge apparently concluded that the actions complained of on the part of both husband and wife, taken individually or collectively, did not amount to such a course of conduct as would equate to cruel treatment or abandonment within the meaning of Louisiana Civil Code Art. 138. After reviewing the testimony of the parties, under the circumstances of this case, we cannot say that his finding was clearly wrong.
Defendant also argues that the trial court erred in awarding the parties a judgment of separation after finding them to be free from fault. We disagree.
The grounds for legal separation in Louisiana are set forth in Louisiana Civil Code Article 138 Secs. (3), (5), (10). It provides, in pertinent part:
Art. 138. Grounds for separation from bed and board
Separation from bed and board may be claimed reciprocally for the following causes:
3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;
* lit * * * *
5. Of the abandonment of the husband by his wife or the wife by her husband; ******
10. When the spouses have lived six months separate and apart, voluntarily and without reconciliation; provided that both spouses shall execute an affidavit attesting to and testifying that they have so lived separate and apart and that there exists irreconcilable differences between the spouses to such a degree and nature as to render their living together insupportable and impossible. In all such cases, the proceedings shall be entitled “In the matter of _ (petitioner) and his (or her) spouse
[[Image here]]
At the conclusion of the trial the judge indicated an intent to grant a judgment of separation based on the parties living separate and apart for six months. (Tr. pp. 117 and 118). He did not specifically state this as grounds for the judgment of separation in his reasons for judgment. Appellant urges that no judgment of separation could be granted on the basis of Louisiana Civil Code 138 (Sec. 10) because neither party alleged that ground. Mrs. Bouzon’s petition was filed only two weeks after the initial separation and Mr. Bouzon’s recon-ventional demand was filed less than two months after the separation. Neither par *4 ty amended their pleadings prior to trial, which took place approximately one year after the separation. Appellant asserts the invalidity of the judgment, since the parties were not separated “voluntarily” as required by Louisiana Civil Code 138 Sec. 10, and, further, that the cause of action for 6 months separation did not exist at the time of the filing of either petition.
Appellee relies upon the case of Whiteley v. Whiteley, 490 So.2d 1128 (La.App., 5th Cir., 1986) and Collins v. Collins, 485 So.2d 956 (La.App., 5th Cir., 1986) writ den. 488 So.2d 203 (La.1986) in urging us to uphold the validity of the judgment since the parties were living separate and apart for more than 6 months at the time of trial. We find these cases controlling.
The facts in Collins, supra are closely alligned to those in the present case. In Collins the parties were separated for approximately two weeks when the wife filed suit for separation on the grounds of cruel treatment and the husband’s abandonment. The husband reconvened on the basis of his wife’s cruel treatment and abandonment. Neither party sought a separation on the basis of living separate and apart for six months as the result of irreconcilable differences which rendered living together insupportable. La.Civil Code 138(10). Likewise neither party filed an affidavit attesting to such grounds. At the time of trial the parties had been living separate and apart for six months and had testified under oath to the existence of irreconcilable differences between them. The trial court in Collins found that this was a sufficient basis to decree a judgment of separation from bed and board under Section 10 of Civil Code Article 138.
In our case, although the parties were not living separate and apart for six months at the time of their respective filings for separation they had been living separate and apart for more than six months at the time of trial. Although no affidavit of irreconcilable differences was presented and although the parties’ conduct was not sufficient to constitute legal fault, it was sufficient to prove the existence of irreconcilable difference so as to render the couple’s living together insupportable.
For these reasons we find the trial judge correctly granted the parties a legal separation.
Accordingly the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.