548 So.2d 14 (1989)
Geraldine BATISTE
v.
Sam BATISTE.
No. 89-CA-79.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1989.
*15 Richard G. Steiner, Gretna, for plaintiff-appellant.
William J. Scheffler, III, Gretna, for defendant-appellee.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
In this domestic case the wife appeals from the district court judgment granting a separation from bed and board between the parties on the basis of mutual fault. The record does not support this finding of fault. The district court judgment is therefore reversed on this finding and is amended to reflect that the legal separation is granted under LSA-C.C. art. 138(10). As amended, the judgment is affirmed.
Petitioner, Geraldine Batiste, and defendant, Sam Batiste, were married in April of 1955; they bore and raised five children. In July 1987 Geraldine Batiste sought a legal separation from her husband. By petition, she maintained that while she had been a faithful wife and a good housekeeper, her husband had abandoned the matrimonial domicile without lawful cause on July 20, 1987 and had refused to return. Sam Batiste answered the suit denying fault and reconvened alleging that his wife's excessive drinking, cursing and harassment of him had contributed to the physical separation. He contended that Geraldine Batiste had continually refused to engage in a sexual relationship with him and claimed that on July 10, 1987 she had asked him to leave the matrimonial domicile. He "was forced" to leave the family home ten days later due to his wife's cruel treatment.
Temporary alimony payable to the wife was fixed by January 1988 hearing. The merits of the separation petition were tried on July 20, 1988. On the testimony of both the husband and the wife, and two of their adult children, the district court granted the parties a legal separation, finding that each was responsible for the demise of the marriage.
Geraldine Batiste's motion for new trial was denied. She now appeals the district court finding that her cruel treatment toward her husband equals fault sufficient to support the separation decree. She does not reurge the issue of the husband's abandonment. The spouses were granted a divorce on January 5, 1989. That judgment is not before us on appeal.
The Civil Code, Book I, Of Persons, Title V, establishes the causes and regulates the procedures for dissolution of marriage by separation and divorce. LSA-C.C. art. 141 allows a judgment of separation based on the spouses' mutual fault. The article does not create a basis for separation independent of those set forth in the preceding articles of the Title. Rather, the conduct contemplated is that which constitutes an existing independent ground for separation under LSA-C.C. art. 138.
*16 LSA-C.C. art. 138(3) permits either spouse to obtain a grant of separation:
"On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable...."
In determining whether the alleged outrages or ill-treatment constitute fault, the court inquires into whether the complainedof conduct did in fact actually occur and whether it rendered the spouses' living together insupportable. The conduct equals statutory fault when it consists of "`substantial acts of commission or omission ... violative of ... marital duties and responsibilities.'" Adams v. Adams, 389 So.2d 381, 382 (La.1980), applying the definition of fault which bars permanent alimony found in Pearce v. Pearce, 348 So.2d 75 (La.1977), to fault which supports a grant of separation.
The inculpatory conduct has also been characterized as "unjustifiable conduct on the part of either husband or wife which so grievously wounds the mental feelings of the other, or such as in any other manner utterly destroys the legitimate ends and objects of matrimony." Krauss v. Krauss, 163 La. 218, 111 So. 683, 685 (1927). Neither spouse has shown this degree of culpable conduct on the part of the other by testimony at trial.
The wife's version of the couple's separation in fact was supported by her son Sam and daughter Glaudette. Geraldine Batiste believed that her husband was engaging in an extra-marital affair. She had passed a woman's home and had seen her husband's car parked in the driveway. The husband and wife argued and Sam Batiste stayed away from the family home for the weekend. He returned on Monday morning and told his wife that when she returned from work he would be "out of your [her] hair."
Mrs. Batiste denied having asked her husband to leave the home. She admitted that for the three previous years the couple had argued frequently, but she could not recall the basis of the quarrels. She denied that she had refused to have marital relations with her husband. She testified that defendant had left the home before and had returned.
Although defendant alleged his wife's intemperance and use of foul language as elements of cruel treatment, the record does not contain any evidence to support this contention. Sam Batiste complained that he and his wife had a poor sexual relationship. He admitted that many of their arguments concerned his "outside women," but denied, during the couple's final disagreement, and in court, that he was conducting an extra-marital affair. The majority of the spousal arguments, he testified, centered on his objection to his wife's continued economic support of four of their adult unemployed children.
In defendant's mind, the event which precipitated his departure from the home occurred during his wife's accusations of his infidelity. His daughter Claudette took hold of a knife and threatened to cut him if he struck her mother. Batiste felt that the children should not involve themselves in the couple's disagreements. He had told his wife that if she would not evict the children from the family home he would leave. When he expressed these feelings, Geraldine Batiste replied that she did not love him and did not care whether he left home or not.
The district court's finding of mutual fault is based on the judge's oral observation, "The Court after listening to the testimony, believes that the arguments and bickering constituted cruel treatment towards one another...." In so reasoning, the court committed error. It is an established precept of Louisiana law that while a continued pattern of mental harassment, nagging and griping by one spouse directed to the other can constitute cruel treatment sufficient to support a judgment of separation, proof only of mutual incompatibility, fussing and bickering between the spouses cannot. Jones v. Jones, 442 So.2d 817 (La. App. 4 Cir.1983); Loyd v. Loyd, 336 So.2d 912 (La.App. 2 Cir.1976). Where the evidence in a suit for separation does not *17 establish fault on the part of each party, but merely shows mutual incompatibility, there is no codal authority for the grant of a separation. Dixon v. Dixon, 357 So.2d 856 (La.App. 4 Cir.1978).
Here the wife's accusations of the husband's illicit affair, based on the observation of his parked car, do not constitute acts of such a severe nature as to allow the rendition of the separation judgment against plaintiff. Adams, supra, at 383. While the wife's conduct illustrates the discord in the marriage, it does not constitute unjustified conduct equal to mental abuse. Benoit v. Benoit, 466 So.2d 561 (La.App. 5 Cir.1985). Nor is it an independent cause of the marriage breakdown.
Deference is generally accorded by the reviewing court to the court of first impression, particularly in domestic cases, where the weight of the evidence is to be evaluated primarily on the credibility of the witnesses. Pearce, supra. Here, however, there is insufficient evidence on which to found a judgment of mutual fault. The testimony presented by the parties and their witnesses does not support a finding of cruel treatment on the part of either spouse. It shows only a consensual separation based on the parties' history of irreconcilable differences and mutual discord. It was manifest error for the trial court to render a separation judgment based on mutual fault. Harrison v. Harrison, 503 So.2d 116 (La.App. 5 Cir.1987); and see this writer's reasoning in Whiteley v. Whiteley, 490 So.2d 1128 (La.App. 5 Cir. 1986).
Sam Batiste left the family home in July of 1987. Eleven days later his wife filed the separation suit. At the time of trial on the cause for separation, the parties had not lived together for one year, almost to the day. They had not reconciled after the separation. Their testimony documents the friction and dissatisfaction in the marriage. It evidences the presence of irreconcilable differences which made their continued living together impossible. The proof presented is sufficient to support a judgment of separation under LSA-C.C. art. 138(10). The parties' trial testimony, taken under oath, obviates the necessity for the filing of affidavits. Collins v. Collins, 485 So.2d 956 (La.App. 5 Cir.1986); see generally LSA-C.C.P. art. 3946.
For the reasons outlined above, that portion of the district court judgment finding the spouses mutually at fault is reversed. The district court judgment is amended to reflect that the separation from bed and board is granted on proof that irreconcilable differences exist between the parties. As amended the judgment is affirmed. Costs are assessed equally against each party.
REVERSED IN PART; AMENDED AND AFFIRMED IN PART.
GAUDIN, J., concurs with reasons.
GAUDIN, Judge, concurring.
This is an appeal by the wife from a finding of fault on her part. The foregoing opinion correctly reverses this finding and places her in position to qualify for permanent alimony. The husband did not appeal the finding of fault on his part.